Garland FARNSWORTH and John L. Johnson, Appellants,

v.

CITY OF KANSAS CITY, Mo.; George L. Sharp, Prosecutor for the City of Kansas City, Mo.; Board of Police Commissioners of Kansas City, Mo.; Lawrence Joiner, Chief of Police, Kansas City, Mo. Police Department; Present or former Police Officers of Kansas City, Mo. Police Department; James D. Byram; Ulon W. Haynes; Graham L. Cummings; Gary R. Majors; Leslie H. Ramsey; Dean B. Kelly; George L. Burns; James Komoroswi; James E. Portwood; Phillip J. Stockard; David Ray; Jerry Fortney; Gregory Watkins; Delois Prymus; Linda C. Walker; John Doe and Mary Roe, other Police Officers of the City of Kansas City, Mo., whose identity is presently unknown; Present or former citizens and residents of the City of Kansas City, Mo.; Robert Truss, Sr.; Mary Truss; David Truss; Robert Truss, Jr.; Paul Truss; Barbara Fuhr; Pamela Brown; Charles Gallipeau; Walter David; Lucinda Blandford; Raymond Blandford; John Doe and Mary Roe, other citizens and residents of the City of Kansas City, Mo., whose identity is presently unknown, Appellees.

No. 88–1978.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 5, 1988.

Decided Dec. 19, 1988.

Rehearing and Rehearing En Banc Denied Feb. 15, 1989.

Garland Farnsworth and John L. Johnson, pro se.

Robert M. Sommers, Kansas City, Mo., for appellees.

Before McMILLIAN, JOHN R. GIBSON and MAGILL, Circuit Judges.

PER CURIAM.

Garland Farnsworth and John Johnson appeal pro se from the order of the district court[1] sua sponte dismissing with prejudice their civil rights action for failure to comply with the district court's orders to cooperate with appellees in preparing a discovery schedule. For reversal, appellants argue (1) the district court abused its discretion in dismissing their action with prejudice; (2) the district court erred in mooting appellants' motion for a protective order and awarding attorneys' fees to appellees for appellants' failure to attend scheduled depositions; and (3) the district court's bias against appellants denied them due process. We affirm.

█ Pro se litigants are not excused from complying with court orders or substantive and procedural law. *Burgs v. Sissel,* 745 F.2d 526, 528 (8th Cir.1984) (per curiam). A district court's dismissal as a sanction under Federal Rule of Civil Procedure 37 for failure to comply with a discovery order is reviewed under an abuse of discretion standard. *National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 642, 96 S.Ct. 2778, 2780, 49 L.Ed.2d 747 (1976) (per curiam); *Hazen v. Pasley,* 768 F.2d 226, 229 (8th Cir.1985).

█ After carefully reviewing the record on appeal, we note that the district court gave appellants meaningful notice of what was expected of them during the course of discovery, initially imposed less stringent sanctions when they failed to cooperate, and warned them that their failure to comply with subsequent court orders would result in dismissal of their action. Accordingly, we hold that dismissal was proper. *See Ramsay v. Bailey,* 531 F.2d 706, 709 (5th Cir.1976) (per curiam).

█ We further hold that the district court did not abuse its discretion in awarding to appellees attorneys' fees after appellants failed to attend their properly-noticed depositions. *See* Fed.R.Civ.P. 37(d); *King v. Fidelity Nat. Bank,* 712 F.2d 188, 191

(5th Cir.1983) (per curiam), *cert. denied,* 465 U.S. 1029, 104 S.Ct. 1290, 79 L.Ed.2d 692 (1984).

Finally, appellants' allegations of district court bias and prejudice are wholly unfounded.

Accordingly, the district court's judgment is affirmed.

---

1. The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.