William L. DAHL and Ruth
E. Dahl, Plaintiffs,

v.

KANAWHA INVESTMENT HOLDING
COMPANY a/k/a Kanawha Investment
Company, et al., Defendants.

No. C 94–3092.

United States District Court,
N.D. Iowa,
Central Division.

June 13, 1995.

Plaintiffs William L. Dahl and Ruth E. Dahl, Kanawha, IA, prosecuted this litigation pro se.

Defendant Lee E. Nikolas was represented by Glenn L. Smith of Finley, Alt, Smith, Scharnberg, May & Craig, P.C., Des Moines, IA.

Defendant James E. Mallen was represented by Roger S. Hanson, Santa Ana, CA.

Defendants David Siegrist, Lawrence Espe, Edward J. Engstrom, Wayne Rietma, Marvin Stupka, John R. Mackaman, Russell Wunschel and Barry Nadler appeared pro se.

Defendant Richard W. Collison was represented by Russell S. Wunschel of Wunschel & Eich, Carroll, IA.

Defendant Quenton R. Boyken was represented by Roger T. Stetson of Belin, Harris, Lamsom, McCormick, P.C., Des Moines, IA.

Defendants Jon Stuart Scoles and Dale E. Ruigh were represented by Asst. Atty. Gen. Pamela D. Griebel.

Defendant James Veldhouse was represented by Richard R. Winga of Laird, Heiny, McManigal, Winga, Duffy and Stambaugh, P.L.C., Mason City, IA.

The unknown defendant(s) and yet unnamed defendants were represented by Thomas J. Bice and James L. Kramer of Johnson, Erb, Gibb, Bice & Carlson, P.C., Fort Dodge, IA.

Defendant First Nat. Bank was represented by Barry J. Nadler of Newbrough, Johnston, Brewer, Maddux & Nadler, Ames, IA.

Defendant Norwest Bank was represented by Roger W. Stone of Simmons, Perrine, Albright & Ellwood, L.L.P., Cedar Rapids, IA.

## TABLE OF CONTENTS

I.  INTRODUCTION AND BACKGROUND ................................... 675
II.  LEGAL ANALYSIS ................................................ 677
    A.  Motions To. Dismiss ....................................... 677
        1.  Want of prosecution ................................... 678
        2.  Insufficiency of service .............................. 679
        3.  Motions to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) ... 682
    B.  Motions For Default Judgment .............................. 683
    C.  The Motions For Sanctions ................................. 685
III.  CONCLUSION ................................................... 686

BENNETT, District Judge.

A sort of "Alice in Wonderland" quality pervades this lawsuit in which no claims are made against persons appearing in the caption of the lawsuit, but claims are made against persons not so identified. The *pro se* plaintiffs want default judgments against persons not identified as defendants in the caption, as well as a few who are so identified, and nearly all of the defendants want the complaint dismissed as to them for failure to state a claim upon which relief can be granted. The court has rarely encountered pleadings in which the objection that the complaint "fails to state a claim" against the objecting party could be taken so literally. Nonetheless, the court has attempted to make sense out of the nonsensical, and to achieve a resolution of the motions that is in accord with both justice and common sense.

### I. INTRODUCTION AND BACKGROUND

One thing at least is clear from the prolix complaint in this matter: the plaintiffs are William L. Dahl and Ruth E. Dahl, and they are alleging misconduct of many kinds in the making and foreclosing of various loans they obtained in the early 1990s. Claims appear to have been brought pursuant to 42 U.S.C. § 1983, the Securities Acts of 1933 and 1934, the Federal Truth In Lending Act, the Con-

sumer Credit Protection Act, the Credit Control Act, the Farm Credit Acts of 1976, 1985, 1988, and 1990, and the First, Fifth, Seventh, and Fourteenth Amendments to the United States Constitution. *See, e.g.,* Complaint, ¶ 1 (jurisdictional statement). The exact nature of the misconduct alleged is not altogether clear, but it appears to include "invading the right of good faith in contract, fraudulent use of contract, knowing use of implied contracts, failing to abide by Constitutional mandates of the 1st, 5th and 14th Amendments of the United States Constitution therein violating Plaintiff's [sic] rights so listed in 'Jurisdiction.'" *See, e.g.,* Complaint, ¶¶ 4–7. The complaint is 95 pages and 198 numbered paragraphs long.

Eighteen defendants, all of whom are identified in the caption of the complaint, have moved for dismissal for want of proper service and failure to state a claim upon which relief can be granted. One defendant, David Michel, who does not appear to have been identified anywhere, has also moved for dismissal. The Dahls have moved for default judgment against seven defendants identified either in the caption or body of the complaint, none of whom have moved for dismissal, and against three defendants who appear only in the caption and who have moved for dismissal. No motion to dismiss has been filed by and no motion for default judgment has been filed against one defendant identi-

fied only in the caption, Dennis W. Johnson, and two defendants identified only in the body, Farmers State Bank and Fulton State Bank. The court is of the opinion that a clearer explanation of the identities of the persons involved in this litigation and, more particularly, in the motions to dismiss or for default judgment, can be made in chart form. Hence, the following:

### MOTIONS FOR DISMISSAL OR DEFAULT JUDGMENT

| DEFENDANT | NAMED IN CAPTION | NAMED IN BODY | ANSWER DATE (1995)/ DKT. # | MOTION TO DISMISS DATE (1995)/ DKT. # | RESISTED BY PLAINTIFF DATE (1995)/ DKT. # | MOTION FOR DEFAULT DATE (1995)/ DKT. # | RESISTED DATE (1995)/ DKT. # |
|---|---|---|---|---|---|---|---|
| Scoles | Yes | No | | 1/6 #4 | | | |
| Ruigh | Yes | No | | 1/6 #4 | | | |
| Nadler | Yes | No | | 1/9 #6 | 4/26 #89 [1] | 2/27 #62 4/12 #77 | 3/6 #65 4/14 #80 |
| 1st Nat'l Bank | Yes | No | | 1/9 #6 | 4/26 # 89 [2] | 2/27 #62 4/12 #77 | 3/6 #65 4/14 #80 |
| Wunschel | Yes | No | 1/10 #7 | 1/10 #8 | | | |
| Collison | Yes | No | 1/10 #7 | 1/10 #8 | | | |
| Boyken | Yes | No | | 1/12 #12 | | | |
| Kanawha Inv. | Yes | No | | 1/17 #14 | | | |
| Espe | Yes | No | | 1/17 #16 | | | |
| Mallen | Yes | No | | 1/17 #18 | | | |
| Rietma | Yes | No | | 1/17 #20 | | 2/27 #62 4/12 #77 | 3/15 #69 4/19 #86 |
| Engstrom | Yes | No | | 1/17 #22 | | | |
| Stupka | Yes | No | | 1/17 #24 | | | |
| Siegrist | Yes | No | | 1/17 #26 | | | |
| Mackaman | Yes | No | 1/20 #31 | 1/20 #31 [3] | | | |
| Norwest Bank | Yes | No | | 1/25 #33 | 2/1 #42 [4] | | |
| Veldhose | Yes | No | | 1/26 #36 | | | |
| Nikolas | Yes | No | | 1/27 #38 | | | |
| Brick | Yes | No | | | | 2/27 #62 | 3/22 #71 |
| Hyland | Yes | No | | | | 2/27 #62 4/12 #77 | 3/8 #66 |
| French | No | Yes [5] | | | | 2/27 #62 | |
| Dixon | No | Yes [6] | | | | 2/27 #62 | |
| Wainwright | No | Yes [7] | | | | 2/27 #62 | |

1. Although this filing has been docketed as a resistance to the January 9, 1995, motion to dismiss filed by Nadler and First National Bank, a closer reading indicates that it is in fact a resistance to those defendants' motion for sanctions and a motion to dismiss, *i.e.*, motion to strike, the motion for sanctions. The court will construe the motion as it has read it, and not as a resistance to any motion to dismiss for failure to state a claim.

2. See *supra*, note 1.

3. Mackaman's answer asserts that the complaint should be dismissed for failure to state a claim upon which relief can be granted. Pursuant to *Fed.R.Civ.P.* 12(b), a party may assert such grounds for dismissal at the party's option either in the answer or by pre-answer motion. Mackaman alone among the defendants has elected the former method.

4. The purported resistance simply states that plaintiffs are "objecting to [dismissal of] Defendant NORWEST BANK, IOWA N.A. from the Complaint and do expect that Default shall be filed against Defendant for failure to Answer Complaint forthwith, but in the alternative Plaintiff's respectfully request an Order to issue granting extension of time to Plaintiffs to file objection and response to Defendant's motion...." The court construes this filing not as a resistance, but as a motion for extension of time to file a resistance.

5. Defendant Carolyn French is first identified in paragraph 4 of the complaint. Allegations are made against her in paragraphs 18–22, 48–81, and 187.

6. Defendant Patricia Dixon is first identified in paragraph 6 of the complaint. Allegations are made against her in paragraphs 18–22, 118–152 (although there is no paragraph 134), and 187.

7. Defendant Jim Wainwright is first identified in paragraph 5 of the complaint. Allegations are made against him in paragraphs 18–22, 83–116, and 187.

## MOTIONS FOR DISMISSAL OR DEFAULT JUDGMENT

| DEFENDANT | NAMED IN CAPTION | NAMED IN BODY | ANSWER DATE (1995)/ DKT. # | MOTION TO DISMISS DATE (1995)/ DKT. # | RESISTED BY PLAINTIFF DATE (1995)/ DKT. # | MOTION FOR DEFAULT DATE (1995)/ DKT. # | RESISTED DATE (1995)/ DKT. # |
|---|---|---|---|---|---|---|---|
| Mitchell | No | Yes[8] | | | | 2/27 #62 | |
| Michel/Michael | No | No | | 3/13 #68 | | | |
| Farmers State Bank | No | Yes[9] | | | | | |
| Johnson | Yes | No | | | | | |

A few salient facts concerning the procedural stance of this matter do require some further comment. First, the Dahls have not resisted any of the motions to dismiss.[10] Instead, on February 13, 1995, Chief Magistrate Judge John A. Jarvey granted the Dahls an extension of time until February 18, 1995, within which to respond to some of the motions to dismiss. On February 27, 1995, this court granted the Dahls a further extension until April 14, 1995. On April 17, 1995, this court granted the Dahls a third extension of time to respond to the motions to dismiss until April 24, 1995, and granted the Dahls' motion for leave to file one response and objection to all of the motions to dismiss. Finally, on May 2, 1995, this court granted the Dahls a last extension of the deadline to resist the motions. The court's order stated that

> Plaintiffs shall have **to and including June 1, 1995, to file such a response.** *However, plaintiff is advised that there will be no further extensions of the time to file the response to the motions to dismiss except upon a showing of extreme and exceptional circumstances precluding timely resistance.*

(Emphasis in the original). The Dahls have neither filed the required response, nor made a timely request for a further extension stating extreme and exceptional grounds, or any grounds at all.

Second, the court recognizes that none of the defendants against whom default judgments are sought has filed an answer. Only five of those defendants have resisted the motions for default judgment against them. Defendants Nadler, First National Bank, and Rietma resist entry of default on the ground that they have moved to dismiss the complaint, and therefore, pursuant to *Fed. R. Civ. P.* 12(a), no answer is required of them until ten days after the court disposes of their motions to dismiss. Defendants Hyland and Brick assert as grounds for denial of the Dahls' motions for default judgment against them the lack of any proper service of process upon them.

As a further matter, on May 5, 1995, defendants Nadler and First National Bank moved for sanctions against the Dahls pursuant to *Fed. R. Civ. P.* 11 for filing the April 12, 1995, motions for default judgment. Nadler and First National Bank assert that this second motion for default judgment was filed for the purpose of harassing the defendants, delaying this matter, and increasing the costs of this litigation. Defendant Rietma filed a similar motion on May 11, 1995. The court turns to disposition of these dispositive motions and motions for sanctions.

## II. LEGAL ANALYSIS

### A. Motions To Dismiss

In the circumstances of this case, the court finds that it must consider granting the various defendants' motions to dismiss on three grounds: (1) want of prosecution; (2) insufficiency of service; and (3) failure to state a claim upon which relief can be granted. The court will consider each of these grounds in turn.

---

**8.** Defendant Steve Mitchell is first identified in paragraph 7 of the complaint. Allegations are made against him in paragraphs 18–22, 153–186, and 187.

**9.** Defendant Farmers State Bank is first identified in paragraph 3 of the complaint. Allegations are made against it in paragraphs 18–186.

However, in paragraph 187, the defendant bank is identified as Fulton Bank, not Farmers State Bank.

**10.** The court explained the ineffectiveness of the apparent resistances to some of the motions to dismiss *supra*, notes 1–3.

## 1. Want of prosecution

■ The court finds that despite being granted several extensions of time to respond to the motions to dismiss, the Dahls have filed no resistances. The latest extension of time gave the Dahls until June 1, 1995, to file responses to the motions to dismiss and cautioned that no further extensions would be granted without a showing of extreme and exceptional grounds. Rule 14(f) of the Local Rules of the United States District Court for the Northern District of Iowa, N.D.Ia.LR 14(f), requires that where a motion is filed,

> [e]ach party opposing the motion shall serve and file within fourteen (14) days from the time when a copy of the motion has been served a brief written statement of the reasons in opposition to the motion and a list of citations of the authorities on which that parties relies.... If no resistance is filed the motion may be granted.

N.D.Ia.LR 14(i) requires that if a resisting party is unable to timely file a resistance to a summary judgment motion, it must then submit to the court a motion for continuance within 14 days of the filing of the summary judgment motion.

■ In this case, although the Dahls initially sought extensions of time to resist the motions, they ultimately failed to file a resistance. *Pro se* litigants are not excused from complying with court orders or substantive and procedural law. *Farnsworth v. City of Kansas City, Mo.*, 863 F.2d 33, 34 (8th Cir. 1988), *cert. denied*, 493 U.S. 820, 110 S.Ct. 77, 107 L.Ed.2d 43 (1989); *Am. Inmate Paralegal Assoc. v. Cline*, 859 F.2d 59, 61 (8th Cir.), *cert. denied*, 488 U.S. 996, 109 S.Ct. 565, 102 L.Ed.2d 590 (1988); *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir.1984). This court, therefore, has the option of granting the defendants' motions under Rule 14(f).

■ *Fed.R.Civ.P.* 41(b) also provides for dismissal for failure of the plaintiff to prosecute or to comply with the rules of civil procedure or any order of the court, and states that such a dismissal is an adjudication on the merits. *Fed.R.Civ.P.* 41(b); *See also Am. Inmate Paralegal Assoc.*, 859 F.2d at 61 (court may dismiss under Rule 41(b) for failure to comply with court order, and such a dismissal operates as an adjudication on the merits). Thus, the district court has authority, in its discretion, to dismiss an action with prejudice for failure to comply with court orders or the Federal Rules of Civil Procedure. *Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir.1994) ("An action may be dismissed pursuant to Rule 41(b) if a plaintiff has failed to comply with any order of the court."), *cert. denied*, — U.S. ——, 115 S.Ct. 752, 130 L.Ed.2d 652 (1995); *Omaha Indian Tribe v. Tract I—Blackbird Bend Area*, 933 F.2d 1462, 1468 (8th Cir.) (citing rules 16, 37, and 41 as granting authority to dismiss for failure to comply with court orders), *cert. denied*, 502 U.S. 942, 112 S.Ct. 379, 116 L.Ed.2d 331 (1991); *see also Fletcher v. Southern Farm Bureau Life Ins. Co.*, 757 F.2d 953, 956 (8th Cir.1985) (dismissal as sanction is reviewed for abuse of discretion). However, dismissal with prejudice should be used sparingly because it is a drastic sanction. *Woods v. Union Pacific R.R. Co.*, 957 F.2d 548, 550 (8th Cir.), *cert. denied*, — U.S. ——, 113 S.Ct. 189, 121 L.Ed.2d 133 (1992); *Omaha Indian Tribe*, 933 F.2d at 1468; *Mullen v. Galati*, 843 F.2d 293, 294 (8th Cir.1988) (dismissal under Rule 41(b) is a "severe sanction").

■ To determine whether dismissal for want of prosecution is appropriate, the Eighth Circuit Court of Appeals applies a balancing test, " 'balancing the policy of giving the plaintiff her day in court against [the] polices of preventing undue delay, avoiding court congestion, and preserving respect for court procedures.' " *Omaha Indian Tribe*, 933 F.2d at 1468 (quoting *Garrison v. Int'l Paper Co.*, 714 F.2d 757, 760 (8th Cir.1983)); *see also Garland v. Peebles*, 1 F.3d 683, 686 (8th Cir.1993) (same balancing test). The balancing test " 'focuses in the main upon the degree of egregious conduct which prompted the order of dismissal and to a lesser extent upon the adverse impact of such conduct upon both the defendant and the administration of justice in the District Court.' " *Id.* (quoting *Brown v. Frey*, 806 F.2d 801, 804 (8th Cir.1986), in turn quoting *Moore v. St. Louis Music Supply Co, Inc.*, 539 F.2d 1191, 1193 (8th Cir.1976)); *Garland*, 1 F.3d at 686–87 (also citing *Brown* ). Dismissal as a sanction is "only appropriate where there has

been a clear record of delay or contumacious conduct." *Garland v. Peebles*, 1 F.3d 683, 686 (8th Cir.1993) (considering dismissal for failure to prosecute); *Taylor v. City of Baldwin, Mo.*, 859 F.2d 1330, 1332 (8th Cir.1988) (dismissal for failure to make discovery); *Am. Inmate Paralegal Assoc.*, 859 F.2d at 61 (applying "clear record of delay and contumacious conduct" standard for dismissal for failure to make discovery to dismissal under Rule 41(b)). The court should consider whether the party whose action was dismissed willfully refused to comply with court orders. *Id.* "Willful as used in the context of a failure to comply with a court order ... implies a conscious or intentional failure to act, as distinguished from accidental or involuntary noncompliance." *Id.* (quoting *Welsh v. Automatic Poultry Feeder Co.*, 439 F.2d 95, 97 (8th Cir.1971)); *see also Aziz*, 34 F.3d at 589 (finding dismissal proper under Rule 41(b) for willful disregard of court order and court's warning of consequences for failure to comply); *Fletcher*, 757 F.2d at 956 (dismissal under Rule 41(b) is warranted in cases of " 'willful disobedience of a court order or continued or persistent failure to prosecute a complaint,' " quoting *Givens v. A.H. Robins Co., Inc.*, 751 F.2d 261, 263 (8th Cir.1984)); *Mullen*, 843 F.2d at 294 (also quoting *Givens*). In *Omaha Indian Tribe*, the appellate court affirmed the district court's dismissal of the plaintiff's action for a pattern of disregard for court orders culminating in a refusal to file an adequate proposed final pretrial order. *Id.*

Here, the court finds that upon balancing " 'the policy of giving the plaintiff[s] [their] day in court against [the] policies of preventing undue delay, avoiding court congestion, and preserving respect for court procedures,' " *Omaha Indian Tribe*, 933 F.2d at 1468, that dismissal for want of prosecution pursuant to *Fed.R.Civ.P.* 41(b) would be inappropriate. The court finds no willful disobedience of a court order. *Aziz*, 34 F.3d at 589 (dismissal proper for failure to comply with court orders); *Taylor*, 859 F.2d at 1332 (contumacious conduct or disregard of court orders grounds for dismissal); *Am. Inmate*

*Paralegal Assoc.*, 859 F.2d at 61 (same). The court did not require some action which the Dahls have failed to take. Rather, the court, albeit repeatedly, granted the Dahls an extension of time to respond to dispositive motions. Although that response was required by both the Federal Rules of Civil Procedure and the local rules, those rules provide the most appropriate sanction for failing to respond: likelihood that the motion will be granted. The court therefore will consider the merits of the motions to dismiss as they appear in the absence of any resistance or response.

The court is mindful that the Dahls' conduct has delayed disposition of this matter. *See Taylor*, 859 F.2d at 1332 (undue delay may be grounds for dismissal); *Am. Inmate Paralegal Assoc.*, 859 F.2d at 61 (same). However, the court granted the Dahls' requests for extensions of time on what it considered adequate cause, and should not now sanction the Dahls for any delay by dismissing their action for want of prosecution pursuant to *Fed.R.Civ.P.* 41(b). Although the court will not now dismiss the Dahls' complaint for want of prosecution, the court will not tolerate delays for the sake of delay, and will, in proper circumstances, dismiss complaints for undue delay. Furthermore, the Dahls are warned that failure to respond to a dispositive motion, either by resisting the motion or by filing a pleading indicating no resistance to the motion, may, in the future, expose them to sanctions pursuant to N.D.Ia.LR 1(e) and *Fed.R.Civ.P.* 41(b), including possible dismissal for want of prosecution. However, at this time, the court finds other good and sufficient grounds for granting the motions to dismiss filed by various defendants and deems such dismissal sufficient sanction for any of the Dahls' procedural failings thus far.

### 2. Insufficiency of service

■ The defendants moving for dismissal have done so in part on the ground that they have never been properly served with the complaint in this matter.[11] *Fed.R.Civ.P.*

11. Defendants Brick and Hyland assert insufficiency of service as grounds for denying the

Dahls' motions for default judgment as to them.

12(b)(5) provides for dismissal of actions for "insufficiency of service of process." The Dahls have filed with the court copies of the "green cards" or return receipts from their certified mailings of the complaint to the defendants showing who signed for receipt of each complaint. However, the court concludes that certified mail return receipts do not prove effective service of process for a number of reasons.

First, the Eighth Circuit Court of Appeals ruled that under former *Fed.R.Civ.P.* 4(c)(2)(C)(ii), which authorized service by certified mail if the defendant returned an acknowledgment of service, that "the signing of the 'green card' was not sufficient to evidence acknowledgment of receipt of the summons and complaint and consequently did not satisfy the requirement of Rule 4(c)(2)(C)(ii) that service be acknowledged in order to be effective." *Gulley v. Mayo Foundation*, 886 F.2d 161, 165 (8th Cir.1989); *see also Schnabel v. Wells*, 922 F.2d 726, 728 (11th Cir.1991) ("A certified mail receipt cannot be construed to constitute an adequate substitute for the [acknowledgement of service] form required by the Rule in light of Congress's express rejection of this method of acknowledgment when proposed by the Supreme Court."). It

is clear that under former *Fed.R.Civ.P.* 4(c)(2)(C)(ii), the Dahls did not effect proper service on any of the defendants, because they received no valid acknowledgment of service.

When the Federal Rules of Civil Procedure were revised in 1993, the provisions for service by certified mail with acknowledgement were extensively revised and were moved to subsection (d) of the Rule. *Fed. R.Civ.P.* 4(d). The Advisory Committee noted the following:

> The former text [of Rule 4(c)(2)(C)(ii) ] described this process as service-by-mail. This language misled some plaintiffs into thinking that service could be effected by mail without the affirmative cooperation of the defendant. *E.g., Gulley v. Mayo Foundation*, 886 F.2d 161 (8th Cir.1989). It is more accurate [now] to describe the communication sent to the defendant as a request for a waiver of formal service.

*Fed.R.Civ.P.* 4(d), Notes of the Advisory Committee on 1993 Amendment. Thus, *Fed. R.Civ.P.* 4, as currently amended, provides for mailing of a complaint to the defendant with a request for waiver of service. *Fed. R.Civ.P.* 4(d)(2).[12] The newly amended rule

---

12. The newly-amended rule provides, in pertinent part:

> (2) An individual, corporation, or association that is subject to service under subdivision (e) [individual within a judicial district of the United States], (f) [individual in a foreign country], or (h) [corporation or association] and that receives notice of an action in the manner provided in this paragraph has a duty to avoid unnecessary costs of serving the summons. To avoid costs, *the plaintiff may notify such a defendant of the commencement of the action and request that the defendant waive service of a summons.* The notice and request
>
> (A) shall be in writing and shall be addressed directly to the defendant, if an individual, or else to an officer or managing or general agent (or other agent authorized by appointment or law to receive service of process) of a defendant subject to service under subdivision (h);
>
> (B) shall be dispatched through first-class mail or other reliable means;
>
> (C) shall be accompanied by a copy of the complaint and shall identify the court in which it has been filed;
>
> (D) shall inform the defendant, by means of a text prescribed in an official form promulgated pursuant to rule 84, of the consequences of

compliance and of failure to comply with the request;

> (E) shall set forth the date on which the request is sent;
>
> (F) shall allow the defendant a reasonable time to return the waiver, which shall be at least 30 days from the date on which the request is sent, or 60 days from that date if the defendant is addressed outside any judicial district of the United States; and
>
> (G) shall provide the defendant with an extra copy of the notice and request, as well as a prepaid means of compliance in writing.

*Fed.R.Civ.P.* 4(d)(2). The rule also identifies the consequences of a defendant's failure to comply with a request for waiver:

> If a defendant located within the United States fails to comply with a request for waiver made by a plaintiff located within the United States, the court shall impose the costs subsequently incurred in effecting service on the defendant unless good cause for the failure be shown.

*Id.* The Eleventh Circuit Court of Appeals noted that under former Rule 4(c)(2), the defendant's penalty for declining to return the acknowledgment of service form was that "defendant may be required to pay the additional costs of procuring service by alternate means." *Schnabel*, 922 F.2d at 728 (citing former *Fed.R.Civ.P.* 4(c)(2)(D)).

provides a number of conditions, including receipt of a waiver of service, before mere mailing of a complaint to a defendant effects proper service. *Id.*[13] The Dahls plainly have not met the conditions for effective service in this case, because nothing in the record indicates the mailing of a request for waiver of service, and certainly the Dahls have not filed with the court any waiver of service obtained from any defendant. Under the former rule, the plaintiff was responsible for obtaining proper service on defendants. *See Lee v. Armontrout,* 991 F.2d 487, 489 (8th Cir.) (per curiam) (plaintiff was responsible for obtaining proper service, including providing marshal with proper address for service on defendant), *cert. denied,* —— U.S. ——, 114 S.Ct. 209, 126 L.Ed.2d 166 (1993). The court finds nothing in the newly-amended version of the rule that relieves a plaintiff of that responsibility, even though defendants are now required to be more cooperative in waiving service. The court therefore concludes that the Dahls have not obtained effective service on any of the defendants in this matter.

■ Although the certified mail "green cards" may indicate actual notice of this lawsuit, actual notice does not dispense with the requirements for proper service of process. *See, e.g., McGinnis v. Shalala,* 2 F.3d 548, 551 (5th Cir.1993) (delivery by certified may provide actual notice of suit, but does not satisfy adequate service requirements of Rule 4); *Mid–Continent Wood Products, Inc. v. Harris,* 936 F.2d 297, 301–303 (7th Cir.1991) (rejecting district court's test for grounds for exception to strict compliance with Rule 4's service of process requirements where defendant had actual notice, holding that "valid service of process is necessary in order to assert personal jurisdiction over a defendant."); *Friedman v. Estate of Presser,* 929 F.2d 1151, 1155 (6th Cir.1991) ("For the great majority of courts ... actual knowledge of the law suit does not substitute for proper service of process under [former]

Rule 4(c)(2)(C)(ii)," citing cases so holding, including cases basing this conclusion on legislative history.); *Schnabel,* 922 F.2d at 728 (actual notice of lawsuit does not eliminate requirement of proper service); *Young v. Mt. Hawley Ins. Co.,* 864 F.2d 81, 82–83 (8th Cir.1988), *cert. denied,* 493 U.S. 919, 110 S.Ct. 281, 107 L.Ed.2d 261 (1989) (same). This court concludes that if actual notice could substitute for proper service of process, it would be nonsensical for the Federal Rules of Civil Procedure to provide for a motion to dismiss based on insufficiency of service of process, *Fed.R.Civ.P.* 12(b)(5), because no such motion could be filed without actual notice of the lawsuit. *Accord Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.,* 988 F.2d 476, 492 (3d Cir.1993) ("Notice to a defendant that he has been sued does not cure defective service, and an appearance for the limited purpose of objecting to service does not waive the technicalities of the rule governing service."). Thus, actual notice of this lawsuit by defendants does not substitute for adequate service of process, and the grounds for dismissal pursuant to *Fed.R.Civ.P.* 12(b)(5) are present here.

■ However, the "general rule" is that " 'when a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant.' " *See, e.g., Gregory v. United States Bankruptcy Court,* 942 F.2d 1498, 1500 (10th Cir.1991) (quoting *Pell v. Azar Nut Co.,* 711 F.2d 949, 950 n. 2 (10th Cir.1983)), *cert. denied,* 504 U.S. 941, 112 S.Ct. 2276, 119 L.Ed.2d 202 (1992). However, dismissal may be proper without opportunity to cure where proper service would be futile. *Gregory,* 942 F.2d at 1500. The court will return to the question of whether, and against whom, this matter should simply be dismissed or whether plaintiffs should be given the opportunity to cure defective service after the court considers the grounds asserted for dismissal pursuant to

---

Thus, the present penalty for failure to waive service without good cause is very similar to that formerly imposed for failure to acknowledge service.

**13.** *Fed.R.Civ.P.* 4(d)(4) provides that

[w]hen the plaintiff files a waiver of service with the court, the action shall proceed, except as provided in paragraph (3), as if a summons and complaint had been served at the time of filing the waiver, and no proof of service shall be required.

*Fed.R.Civ.P.* 12(b)(6), failure to state a claim upon which relief can be granted.

### . *3. Motions to dismiss pursuant to Fed. R.Civ.P. 12(b)(6)*

■ A motion to dismiss requires the court to review only the pleadings to determine whether the pleadings state a claim upon which relief can be granted. *Fed. R.Civ.P.* 12(b).[14] Such motions "can serve a useful purpose in disposing of legal issues with the minimum of time and expense to the interested parties." *Hiland Dairy, Inc. v. Kroger Co.,* 402 F.2d 968, 973 (8th Cir.1968), *cert. denied,* 395 U.S. 961, 89 S.Ct. 2096, 23 L.Ed.2d 748 (1969). The issue is not whether a plaintiff will ultimately prevail, but rather whether the plaintiff is entitled to offer evidence in support of the plaintiff's claims. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *United States v. Aceto Agricultural Chemical Corp.,* 872 F.2d 1373, 1376 (8th Cir.1989). In considering a motion to dismiss under *Rule* 12(b)(6), the court must assume that all facts alleged in the plaintiff's complaint are true, and must liberally construe those allegation. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* The *Rule* does not countenance dismissals based on a judge's disbelief of a complaint's factual allegations. *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 1832, 104 L.Ed.2d 338 (1989). Thus, it is only in the "unusual case" where the complaint on its face reveals some insuperable bar to relief that a dismissal under *Rule* 12(b)(6) is warranted. *Fusco v. Xerox Corp.,* 676 F.2d 332, 334 (8th Cir.1982). With these standards in mind, the court will consider the various defendants' motions to dismiss for failure to state a claim upon which relief can be granted.

■ This is indeed such an "unusual case," because the complaint does on its face reveal some insuperable bar to relief such that a dismissal under *Rule* 12(b)(6) is warranted, at least as to the majority of the defendants. *Fusco,* 676 F.2d at 334. That insuperable bar is the lack of any factual allegations at all against those defendants. Thus, even taking all of the factual allegations as true, it appears beyond doubt that the plaintiffs can prove no set of facts in support of their claim which would entitle them to relief against those defendants. *Conley,* 355 U.S. at 45–46, 78 S.Ct. at 102. In these circumstances, the judge's belief or disbelief of the complaint's factual allegations does not even enter the picture, because there are no allegations as to these defendants to be believed or disbelieved. *See Neitzke,* 490 U.S. at 327, 109 S.Ct. at 1832 (judge's disbelief of factual allegations is not proper basis for granting dismissal pursuant to Rule 12(b)(6)). Nor can any amount of "liberal construction" attach the factual allegations made to any of the defendants identified in the caption. Thus, even though civil rights complaints must be liberally construed, and the court believes that the Dahls have attempted to state such claims, the Dahls must still allege facts which state a cause of action. *Davis v. Hall,* 992 F.2d 151, 152 (8th Cir.1993). No facts appear in the complaint stating any allegation of a cause of action against most of these defendants.[15]

The only defendants the Dahls have attempted to serve against whom allegations are made are defendants French, Dixon, Wainwright, and Mitchell. *See* Chart and accompanying footnotes, *supra* at page 676.

---

14. However, where on a Rule 12(b)(6) motion to dismiss "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." *Fed.R.Civ.P.* 12(b)(6). No other materials have been offered in support of the motion to dismiss in this case. Therefore, the motion to dismiss will not be disposed of as provided in Rule 56, but only according to the standards stated herein.

15. Defendants Scoles and Ruigh, in moving for dismissal, observed that the complaint. has the appearance of having the wrong caption attached, because of this complete lack of factual allegations against defendants named in the caption, while copious factual allegations are made against defendants not so identified.

Allegations are also made against Farmers State Bank, and at one point against Fulton State Bank, but the record does not reveal any attempt to serve either of these defendants, and no motion to dismiss by these defendants is pending. *Id.* The court deems it proper to give the Dahls the opportunity to cure defects in service as to these six defendants, and these six defendants only. *Gregory,* 942 F.2d at 1500. However, because re-serving the complaint stating no allegations against any of the other defendants would be futile, the complaint is dismissed as to all other defendants. *Id.* The six defendants against whom allegations have actually been made may have valid defenses or grounds requiring dismissal pursuant to *Fed.R.Civ.P.* 12(b)(6) as well, but it would be inappropriate for the court to speculate as to the nature and merits of such grounds or defenses in the absence of motions to dismiss from such defendants. The Dahls will therefore be given a reasonable period of time within which to attempt to effect proper service against defendants French, Dixon, Wainwright, Mitchell, Farmers State Bank, and Fulton State Bank. The motions to dismiss pursuant to *Fed.R.Civ.P.* 12(b)(6) by all other defendants will be granted.[16]

### B. Motions For Default Judgment

■ . The court turns next to the Dahls' motions for default judgment. *Fed.R.Civ.P.* 55 provides for default as follows:

(a) Entry. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

(b) Judgment. Judgment by default may be entered [in circumstances not present here, by the clerk, and in all other cases by the court].

By its terms, the Rule requires two steps before entry of a default judgment: first, pursuant to *Fed.R.Civ.P.* 55(a), the party seeking a default judgment must have the clerk enter the default by submitting the required proof that the opposing party has failed to plead or otherwise defend; second, pursuant to *Fed.R.Civ.P.* 55(b), the moving party may seek entry of judgment on the default under either subdivision (b)(1) or (b)(2) of the rule. *See, e.g., Henry v. Tri-Services, Inc.,* 33 F.3d 931, 932 (8th Cir.1994) (describing entry of default judgment in that case as following entry of default by clerk); *Pinaud v. County of Suffolk,* 52 F.3d 1139, 1152 n. 11 (2d Cir.1995) (distinguishing between the first step, entry of default, and the second, entry of default judgment). The Dahls have not made the first step, seeking entry of default from the clerk of court, and therefore their motions for default judgment are not on the proper procedural footing. However, the court will consider further grounds for disposition of the Dahls' motions for default.

Although the entry of a default judgment is a matter in the trial court's discretion, *Swink v. City of Pagedale,* 810 F.2d 791, 792 (8th Cir.), *cert. denied,* 483 U.S. 1025, 107 S.Ct. 3274, 97 L.Ed.2d 772 (1987), the Eighth Circuit Court of Appeals has considered a number of factors in reviewing entries and denials of default judgment for abuse of discretion. In *Swink,* the court considered whether the moving party was prejudiced by denial of the motion for default judgment. *Id.* The court found that prejudice cannot

---

16. This conclusion is also applicable to defendants Hyland and Brick, who asserted insufficiency of service of process as grounds for denying the Dahls' motion for default judgment as to them. The court construes defendants Hyland and Brick to have raised a challenge to the complaint pursuant to *Fed.R.Civ.P.* 12(b)(5), and as so construed, these defendants must prevail. The complaint asserts no allegations against these two defendants; therefore, re-serving the complaint on them would be futile. *Gregory,* 942 F.2d at 1500. The Dahls may not re-serve these two defendants with the present complaint.

The court's disposition of the motions to dismiss leaves defendant Johnson unaccounted for. Johnson is named in the caption of the Dahl's complaint, but he has neither answered nor moved for dismissal; neither has he been the subject of a motion for default judgment. The court concludes that effecting any service upon defendant Johnson of the present complaint would also be futile, because there are no factual allegations against him to be found in the complaint. However, with no motion of any kind concerning defendant Johnson pending, the court can do no more than state this conclusion as *dicta.*

be shown by the fact that denying the motion for default judgment would allow the opposing party to defend the claim, because "[t]here is a strong public policy, supported by concepts of fundamental fairness, in favor of trial on the merits, ... particularly when the money damages sought are substantial." *Id.* at 792 & n. 2 (citations omitted). The Eighth Circuit Court of Appeals consistently points to a strong judicial policy against default judgments. *Oberstar v. Federal Deposit Ins. Corp.*, 987 F.2d 494, 503–04 (8th Cir. 1993) (citing *Marshall v. Boyd*, 658 F.2d 552, 554 (8th Cir.1981), and noting that this judicial preference for adjudication on the merits "goes to the fundamental fairness of the adjudicatory process."); *United States v. Harre*, 983 F.2d 128, 130 (8th Cir.1993) ("Default judgments are ... not favored by the law.").

The Eighth Circuit Court of Appeals in *Swink* also considered whether the opposing party had willfully failed to answer. *Swink*, 810 F.2d at 793. As to willfulness, the court contrasted absconding from the jurisdiction of the court or trying to avoid liability by physically avoiding the proceedings with inadvertent failure to file an answer. *Id.* Finally, the court considered the delay to the proceedings resulting from denial of default judgment, finding that where the court requires prompt action to rectify a failure to answer, no excessive delay results from denying default judgment. *Id.* The Eighth Circuit Court of Appeals also rejects the appropriateness of granting default judgment for "a marginal failure to comply with the time requirements." *Oberstar*, 987 F.2d at 503; *Harre*, 983 F.2d at 129–30.

In *Commercial Bank of Kuwait v. Rafidain Bank*, 15 F.3d 238 (2d Cir.1994), the Second Circuit Court of Appeals summarized similar factors for determining the propriety of entering a default judgment, finding the source for these factors in *Fed.R.Civ.P.* 55(c):[17]

> The district court evaluated appellants' opposition to the motion for default judgment under the "good cause shown" standard of Fed.R.Civ.P. 55(c). *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir.1981). Under Rule 55(c), the factors to be considered in deciding whether to relieve a party of a default are "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *Id.* at 277. The district court must consider all of these factors. See *Information Sys. & Networks Corp. v. United States*, 994 F.2d 792, 796 (Fed.Cir.1993) (noting that the majority rule is to consider all three factors).

*Commercial Bank of Kuwait*, 15 F.3d at 243.[18]

---

17. *Fed.R.Civ.P.* 55(c) provides:

(c) Setting Aside Default. For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with *Rule* 60(b).

18. The "meritorious defense" factor injected into consideration of the appropriateness of granting a default entry by the court in *Commercial Bank of Kuwait*, in its usual context of the appropriateness of setting aside a default, is not without some controversy or confusion in its application. As one source notes, the demonstration of a meritorious defense is not expressly called for by the federal rules and, therefore, "the nature and extent of the showing that will be necessary is a matter that lies within the court's discretion." 10 Charles Wright, Arthur Miller & Mary Kay Kane, § 2697, at 531. The underlying purpose of this requirement is simply to determine whether there is some possibility that the suit will have an outcome different from the result achieved by default. *Id.; Maine Nat'l Bank v. F/V Cecily B*, 116 F.R.D. 66, 68 (D.Me.1987).

To determine whether a defaulted defendant has a meritorious defense, likelihood of success is not the measure. *Keegel v. Key West & Caribbean Trading Co.*, 627 F.2d 372, 374 (D.C.Cir. 1980). Defendant's allegations are meritorious if they contain even a hint of a suggestion which, if proven at trial, would constitute a complete defense. *Id.*

There is some dispute among courts regarding how the moving party must establish a meritorious defense under this standard. The majority rule is that the defendant must make some factual showing that a meritorious defense exists. See, e.g., *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir.1988) (affidavits submitted by moving party established meritorious defense); *Federal Trade Comm'n*, 562 F.2d at 10 n. 3 (quoting district court's conclusion that more than "bald allegations" of meritorious defense is needed); *Richmark Corp. v. Timber Falling Consultants, Inc.*, 747 F.Supp. 1409, 1412 (D.Or.1990). Other courts apply a lower standard, requiring that the defendant merely allege facts which, if proven, would constitute a meritorious defense. *See, e.g.,*

To these factors identified by the courts in *Swink* and *Commercial Bank of Kuwait*, this court would add a precondition it finds in the rule governing entry of default itself. As a precondition to entry of either default or default judgment, *Fed.R.Civ.P.* 55(a) requires a showing that the party has "failed to plead or otherwise defend as provided by these rules." Thus, where, as here, the plaintiffs cannot make such a showing, because it appears from the record that they have never properly served the defendants, none of the defendants has failed to plead or defend as required by the rules of civil procedure, and neither entry of default nor entry of default judgment would be proper. *See, e.g., Pinaud,* 52 F.3d at 1152 n. 11 (suggesting that proof of proper service is a necessary precondition for entry of default, but finding default inappropriate on other grounds and further finding district court properly avoided ruling on propriety of service in those circumstances). Similarly, entry of default or default judgment is inappropriate where a defendant does not yet have an obligation to plead or defend against the claim by reason of filing a motion to dismiss pursuant to *Fed.R.Civ.P.* 12. *Fed.R.Civ.P.* 12(a)(4) provides that the moving party is relieved of the obligation to respond to the pleadings filed against it until ten days after the court disposes of the motion to dismiss. Such a situation obtains here as to defendants Nadler, First National Bank, and Rietma, because each has moved to dismiss pursuant to *Fed.R.Civ.P.* 12(b).

Returning to the factors identified by the courts in *Swink* and *Commercial Bank of Kuwait*, the court finds that in the present circumstances, the Dahls can show no prejudice resulting from denial of the entry of a default. *Swink,* 810 F.2d at 792; *Commercial Bank of Kuwait,* 15 F.3d at 243. Denial of default will allow defendants, if properly served, to defend the claims against them. However, such a showing does not demonstrate prejudice, but is simply in keeping with the judicial preference for disposition of cases on the merits. *Swink,* 810 F.2d at 792 & n. 2. Furthermore, there is no willful

refusal to answer here where the defendants have not been properly served with the complaint in the first place which would trigger their obligation to answer or plead. *Swink,* 810 F.2d at 793; *Commercial Bank of Kuwait,* 15 F.3d at 243. As to delay to the proceedings resulting from denial of default judgment, this court will require the prompt re-serving of the six listed defendants; therefore, no excessive delay results from denying default judgment. *Id.* Any delay so far is as much the result of the Dahls' failure to serve defendants properly as it could be the result of the defendants' failure to answer. There can be no delay to proceedings which have never been properly initiated. For similar reasons, the court is not in any position to consider yet whether the remaining defendants might have a meritorious defense, because they have not yet been required to make any showing of factual or legal grounds constituting a defense. The court therefore concludes that entry of default or default judgment must be denied as to all defendants against whom such default was sought. The Dahls' various motions for default judgments must be denied.

### C. The Motions For Sanctions

As a final matter, the court turns to the motions for sanctions pursuant to *Fed. R.Civ.P.* 11, filed by defendants Nadler, First National Bank, and Rietma. These motions assert that the Dahls should be sanctioned for filing the second motion for default on April 12, 1995. Nadler, First National Bank, and Rietma assert that this second motion for default judgment was filed for the purpose of harassing the defendants, delaying this matter, and increasing the costs of this litigation.

The court is unwilling to impose Rule 11 sanctions in these circumstances, however. The court finds that the second motion for default judgment follows an asserted second attempt to serve defendants by certified mail, even though it evinces the same misconception of the effectiveness of such service. The court concludes that this second request for

*Hritz v. Woma Corp.,* 732 F.2d 1178, 1181 (3d Cir.1984) (meritorious defense established if as-

sertions in answer are true).

default judgment is not a willful flaunting of procedural rules, but an attempt to cure past procedural flaws, albeit without recognizing precisely what those flaws might have been. The court is mindful that *pro se* litigants are not excused from complying with court orders or substantive and procedural law. *Farnsworth*, 863 F.2d at 34; *Am. Inmate Paralegal Assoc.*, 859 F.2d at 61; *Burgs*, 745 F.2d at 528. However, this court has a policy of affording *pro se* litigants the opportunity to be apprised of the errors in their conduct, particularly when such errors are procedural, before imposing upon them the full burden of the sanctions available in any particular circumstances.

It should now be abundantly clear to plaintiffs that their past attempts to serve defendants by mail were procedurally flawed and therefore ineffective. A repeat of the same attempts at service and further attempts to obtain default judgment based upon such flawed attempts would likely open plaintiffs to the court's full weight of available sanctions on the ground that such an act would likely constitute willful misconduct.

The Dahls' action has been dismissed against the complaining defendants on other grounds as a result, in large part, of the Dahls' errors. The court finds that imposition of other sanctions pursuant to *Fed. R.Civ.P.* 11 would be needlessly cumulative. The motions for sanctions will therefore be denied.

### III.  CONCLUSION

Although this matter must be dismissed as to the majority of the defendants, that dismissal is not for want of prosecution, despite the Dahls' failure to file any resistance to dispositive motions. The failure to respond to the dispositive motions was not a willful violation of a court order for action, but a failure to comply with rules of procedure. Those rules provide the most appropriate sanction for failing to respond: likelihood that the motion will be granted.

The court concludes, however, that the Dahls have not properly served any of the defendants in this action. The Dahls' attempts to effect service by certified mail fail for lack of adequate acknowledgement of service, and, under the amended version of *Fed. R.Civ.P.* 4 applicable to these proceedings, for failure to obtain proper waiver of service. Thus, the grounds for dismissal pursuant to *Fed.R.Civ.P.* 12(b)(5) for insufficiency of service of process are present here.

Furthermore, the court concludes that the Dahls' complaint must be dismissed for failure to state a claim upon which relief can be granted pursuant to *Fed.R.Civ.P.* 12(b)(6), because, apart from six defendants named only in the body of the complaint, no allegations of any sort are made against any of the defendants. Allowing the Dahls to attempt to cure the service defects as to the majority of the defendants would therefore be futile. As to defendants named in the body of the complaint, the court concludes that the service defects are curable. Therefore, **the Dahls are granted sixty (60) days from the date of this order within which to effect proper service on defendants French, Dixon, Wainwright, Mitchell, Farmers State Bank, and Fulton State Bank.** All claims against all other defendants are dismissed without prejudice.[19]

The motions for sanctions against the Dahls pursuant to *Fed.R.Civ.P.* 11 filed by defendants Nadler, First National Bank, and Rietma are denied. The Dahls are cautioned, however, to be mindful of the warnings and instructions found herein for the further prosecution of this matter, if any should occur.

Finally, all other motions pending at this time not specifically resolved by this ruling are denied as moot in light of the dismissal of all defendants asserting such motions or against whom such motions are asserted.

**IT IS SO ORDERED.**

---

**19.** Dismissal is without prejudice, because dismissal of this complaint can have no res judicata effect when there is no way to ascertain what claims or issues were encompassed as to these defendants in the complete absence of the statement of any claims or issues or factual allegations as to these defendants.