**Lamario STOKES, Plaintiff,**

v.

**Jana HACKER, et al., Defendants.**

**No. C15–3095–DEO.**

United States District Court,
N.D. Iowa,
Central Division.

Signed Aug. 14, 2015.

Pamela A. Wingert, Spirit Lake, IA, for Plaintiff.

**ORDER**

LEONARD T. STRAND, United States Magistrate Judge.

This case is before me on (1) defendants' motion (Doc. No. 16) to set aside default entry and (2) defendants' motion (Doc. No. 17) to set aside default judgment.[1]  Plaintiff

---

1. Docket No. 16 is captioned as a resistance to plaintiff's motion (Doc. No. 12) for entry of default. Because defendants' default had already been entered when Docket No. 16 was filed, it was docketed as a motion to set aside the default entry. Defendants then filed Docket No. 17, which is captioned as a motion to set aside default judgment. As I will discuss below, Docket No. 17 is not titled correctly, as no judgment has been entered in this case. None of this is as

has filed a resistance (Doc. No. 18). Oral argument is not necessary.

### *PROCEDURAL BACKGROUND*

Plaintiff Lamario Stokes commenced this action pursuant to 42 U.S.C. § 1983 on January 30, 2015, by filing a pro se complaint (Doc. No. 1) in the United States District Court for the Southern District of Iowa. Stokes alleges that he is an inmate at the Fort Dodge Correctional Facility (FDCF) and that he suffers from psoriasis. He states that the two named defendants are a nurse supervisor and a nurse practitioner at FDCF and contends that they have been deliberately indifferent to his medical needs by failing to treat his condition properly.

On February 17, 2015, venue was transferred to this court pursuant to 28 U.S.C. § 1404(a) because FDCF is located in this district. *See* Doc. No. 6. On February 26, 2015, Judge O'Brien entered an Initial Review Order (Doc. No. 8) in this case. Judge O'Brien found Stokes' complaint to be vague and appointed Pamela Wingert to serve as his counsel. Doc. No. 8 at 9–10. He then directed Ms. Wingert to file an amended complaint within 45 days. *Id.* at 10–11. In addition, he stated:

> The Clerk of Court shall also deliver, by certified mail, copies of this Order and attached waiver of service of summons, along with copies of the Complaint (Docket No. 1) to each of the named Defendants, and to the Iowa Attorney General. The Defendants shall have (60) days from the date of the Amended Complaint to answer the Amended Complaint.

*Id.* at 5–6. The docket includes certified mail receipts (Doc. No. 8–1) indicating that the two defendants received their materials from the Clerk on February 28, 2015, while the Iowa Attorney General's office received them on March 2, 2015. On March 9, 2015, each defendant filed an executed acknowledgement (Doc. No. 10) of receipt of notice of lawsuit and waiver of service of summons.

Plaintiff's appointed counsel filed the amended complaint (Doc. No. 11) on April 10, 2015. The Clerk's CM/ECF electronic receipt of service reads as follows, in relevant part:

**Notice of Electronic Filing**

The following transaction was entered by Wingert, Pamela on 4/10/2015 at 10:40 AM CDT and filed on 4/10/2015

**Case Name:** *Stokes v. Anderson et al.*— PER # 8 IRO DEFTS ANSWER DUE 60 DAYS AFTER AMENDED COMPLAINT IS FILED

**Case Number:** 3:15–cv–03095–DEO

**Filer:** Lamario Stokes

**Document Number:** 11

**Docket Text:** AMENDED Complaint With Jury Demand against Karen Anderson, Jana Hacker, filed by Lamario Stokes. (Wingert, Pamela)

**3:15–cv–03095–DEO Notice has been electronically mailed to:**

Pamela A. Wingert pawingert@iabar.org, kburgeson@mediacombb.net

**3:15–cv–03095–DEO Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document

**Original filename:** n/a

**Electronic document Stamp:**

*See* Doc. No. 11 (receipt). This shows that the court's CM/ECF system provided electronic notice of the filing to Ms. Wingert and to "kburgeson@mediacombb.net," which appears to be an email address associated with Ms. Wingert's office.[2] The system did *not* provide notice of the filing to defendants or their counsel. The reason is simple: defendants' counsel had not yet filed an appearance in this case. While the defendants had returned waivers of personal service, no appearance, pleading or responsive motion had been filed on defendants' behalf.

Pursuant to the Initial Review Order, defendants had 60 days from the date of the

---

confusing as it seems. Plaintiff sought and obtained the entry of default, defendants seek to set it aside and plaintiff resists.

**2.** The certificate of service appended to the amended complaint was executed by Kay Burgeson. Doc. No. 11 at 3.

amended complaint to file an answer to that complaint. That deadline expired June 9, 2015. On July 27, 2015, plaintiff filed a motion (Doc. No. 12) for entry of default pursuant to Federal Rule of Civil Procedure 55(b) and requested an evidentiary hearing to determine damages. The Clerk entered defendants' default on July 30, 2015. *See* Doc. No. 13. However, no judgment—by default or otherwise—has been entered.

One day after the entry of default, William A. Hill, an Assistant Iowa Attorney General, filed an appearance (Doc. No. 14) on behalf of the defendants, along with defendants' answer (Doc. No. 15) to the amended complaint and the document that has been docketed as defendants' motion (Doc. No. 16) to set aside the default entry. On August 5, 2015, defendants filed their separate motion (Doc. No. 17) to set aside default judgment, even though no judgment has been entered. Plaintiff filed his resistance (Doc. No. 18) on August 12, 2015.

## ANALYSIS

### A. Applicable Standards

#### 1. Default Entry and Default Judgment

Federal Rule of Civil Procedure 55 provides, in relevant part:

(a) ENTERING A DEFAULT. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

(b) ENTERING A DEFAULT JUDGMENT.

(1) *By the Clerk.* If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

(2) *By the Court.* In all other cases, the party must apply to the court for a default judgment.... If the party against whom a default judgment is sought has appeared

personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:

(A) conduct an accounting;

(B) determine the amount of damages;

(C) establish the truth of any allegation by evidence; or

(D) investigate any other matter.

Fed.R.Civ.P. 55(a)–(b). Thus, Rule 55 "requires two steps before entry of a default judgment: first, pursuant to Fed.R.Civ.P. 55(a), the party seeking a default judgment must have the clerk enter the default by submitting the required proof that the opposing party has failed to plead or otherwise defend; second, pursuant to Fed.R.Civ.P. 55(b), the moving party may seek entry of judgment on the default under either subdivision (b)(1) or (b)(2) of the rule." *Dahl v. Kanawha Inv. Holding Co.,* 161 F.R.D. 673, 683 (N.D.Iowa 1995).

#### 2. Setting Aside a Default Entry

The court may "set aside an entry of default for good cause." Fed.R.Civ.P. 55(c); *see also Johnson v. Dayton Elec. Mfg. Co.,* 140 F.3d 781, 783 (8th Cir.1998). The showing necessary to set aside a default entry is not as stringent as that necessary to vacate a default judgment. *Johnson,* 140 F.3d at 784. The Eighth Circuit Court of Appeals has explained the reason for this distinction as follows:

There is a "judicial preference for adjudication on the merits," *Oberstar v. F.D.I.C.,* 987 F.2d 494, 504 (8th Cir.1993), and it is likely that a party who promptly attacks an entry of default, rather than waiting for grant of a default judgment, was guilty of an oversight and wishes to defend the case on the merits.

*Id.* In considering whether good cause exists, the court should weigh "whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were

excused." *Id.; see also Stephenson v. El–Batrawi,* 524 F.3d 907, 912 (8th Cir.2008). The blameworthiness of the defaulted party is especially relevant. *Johnson,* 140 F.3d at 784.

### B. Discussion

■ Good cause clearly exists to set aside the entry of default in this case. While the default could have been avoided, it is easy to understand how it occurred. The Initial Review Order directed the Clerk to send various documents, including the order itself and the original complaint, to the defendants. Doc. No. 8 at 5–6. Because Judge O'Brien found the original complaint to be vague, he did not direct the defendants to answer that document. Instead, he ordered plaintiff to file an amended complaint and gave defendants 60 days to answer that amended complaint. *Id.* at 6.

At that point, it would have been prudent for defendants' counsel to file an appearance, thus ensuring electronic service of all future filings in the case.[3] Because no such appearance was filed, the docket did not contain an email address for automatic electronic service pursuant to Local Rule 5.2. This is why the amended complaint, filed April 10, 2015, was not served electronically on defense counsel through the court's CM/ECF system and, ultimately, why a timely answer was not filed.

Filing an appearance is not the only step defendants' counsel could have taken to avoid this situation. The Initial Review Order made it clear that an amended complaint would be forthcoming within the next 60 days. Upon receiving no such document within that period of time, an inquiry of five minutes or less would have revealed that the amended complaint was filed. That inquiry could have consisted of (a) checking the court's CM/ECF docket for this case or (b) contacting plaintiff's counsel (who was identified in the Initial Review Order). Apparently, neither action occurred.

I hesitate to be overly critical of defendants' counsel, however, because plaintiff's counsel shares plenty of blame. Each party to an action has a duty to serve pleadings and other papers on all other parties to the case. *See* Fed.R.Civ.P. 5(a)(1). Service may be made in various ways, including by electronic means when the recipient consents or the court's local rules so provide. Fed. R.Civ.P. 5(b)(2)(E) and (3). This district's local rules authorize electronic service through the court's CM/ECF system "on all persons who have appeared in the case and are ECF system registrants." N.D. Ia. L.R. 5.2(d). Importantly, electronic service "is not effective if the serving party learns that it did not reach the person to be served." Fed.R.Civ.P. 5(b)(2)(E).

Here, plaintiff's counsel filed the amended complaint electronically, which was appropriate, but did not serve it on the defendants. Based on the certificate of service (Doc. No. 11 at 3), counsel clearly assumed that service on the defendants would occur electronically, as it typically does. However, counsel failed to note that no counsel had yet appeared for the defendants. When the answer deadline expired, plaintiff's counsel could have conducted the same "five minutes or less" inquiry described above. A quick check of the electronic docket would have revealed that the amended complaint was not electronically served on the defendants. Moreover, it is no secret that the Iowa Attorney General defends Section 1983 actions brought by inmates in Iowa (even if it was a secret, the Initial Review Order provided a big clue). A short phone call would have resolved the issue and put this case back on track. Instead, counsel applied for and obtained a default entry before effectively serving the amended complaint on the defendants.

In short, on the issue of blameworthiness both sides are to blame. The defendants' failure to file a timely answer was not intentional and was cured immediately upon defendants' counsel's realization of the mistake. This factor weighs strongly in favor of setting aside the default. In addition, based on the answer (Doc. No. 15) that has now been filed, it appears that the defendants have a good faith, potentially-meritorious defense to plaintiff's claim.

---

3. Counsel states that this issue "has now been recognized and [sic] by counsel and steps taken to prevent a such an issue from happening again." Doc. No. 16–1 at 4.

Finally, I reject plaintiff's extremely-weak claim of prejudice. While pointing out that the defendants filed their answer 52 days after the 60–day deadline, plaintiff fails to recognize his counsel's own role in creating that delay. First, of course, counsel could have and should have effectuated proper service of the amended complaint on the defendants. Second, if time was truly of the essence counsel could have filed a motion for entry of default on June 10, 2015—the day after the 60–day deadline expired—rather than waiting until July 27, 2015.

Under the circumstances present here, and in light of the judicial preference for deciding cases on their merits, the default entry must be set aside.

### *CONCLUSION*

For the reasons set forth herein:

1. Defendants' motion (Doc. No. 16) to set aside the clerk's entry of default (Doc. No. 13) is **granted.**

2. Defendants' motion (Doc. No. 17) to set aside default judgment is **denied as moot.**

3. The parties shall submit a proposed scheduling order and discovery plan pursuant to Local Rule 16 on or before *September 1, 2015.*

**IT IS SO ORDERED.**