68 F.3d 478
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Laverne MEINTS, Appellant,
v.
Jerry DEWITT, Sheriff, Appellee.
 No. 95-1631.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Sept. 26, 1995.
Filed: Oct. 6, 1995.
 
 Before McMILLIAN, BOWMAN, and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Laverne Meints appeals from the District Court's[1] order dismissing his 42 U.S.C. Sec. 1983 (1988) action with prejudice. We affirm.
 
 
 2
 After Meints refused to appear for his deposition, the magistrate judge granted Dewitt's motion to compel Meints's appearance at his deposition, and advised Meints that his failure to participate in discovery and to abide by the court's order would be grounds for sanctions, including dismissal. When Meints failed to appear at his properly-scheduled deposition, the District Court dismissed Meints's complaint with prejudice after finding that Meints's failure to comply with the Court's order was willful and was "directly intended to abuse the defendant in conducting discovery." Meints v. Dewitt, No. 4:CV93-3222, Mem., Order, & Recommendation at 1 (D.Neb. Dec. 15, 1994), adopted by Mem. & Order (D.Neb. Jan. 25, 1995). Noting that Meints clearly was thwarting Dewitt's efforts to conduct discovery, the District Court also awarded Dewitt costs and attorneys fees.[2] Mem. & Order at 2.
 
 
 3
 Federal Rule of Civil Procedure 37(b)(2)(C) permits a district court to dismiss a party's action when the party fails to comply with a discovery order. "Pro se litigants are not excused from complying with court orders." Farnsworth v. City of Kansas City, 863 F.2d 33, 34 (8th Cir.1988) (per curiam), cert. denied, 493 U.S. 820 (1989).
 
 
 4
 Having carefully reviewed the record, we conclude the District Court did not abuse its discretion in dismissing Meints's action with prejudice. See Omaha Indian Tribe v. Tract I-Blackbird Bend Area, 933 F.2d 1462, 1468 (8th Cir.) (stating standard of review), cert. denied, 502 U.S. 942 (1991). The District Court warned Meints of the possibility of sanctions, including dismissal, and the District Court's finding that Meints acted willfully in failing to comply with its order is not clearly erroneous. See Boogaerts v. Bank of Bradley, 961 F.2d 765, 768 (8th Cir.1992) (per curiam); Avionic Co. v. General Dynamics Corp., 957 F.2d 555, 558 (8th Cir.1992); Omaha Indian Tribe, 933 F.2d at 1468-69.
 
 
 5
 Accordingly, the judgment of the District Court is affirmed.
 
 
 
 [1]
 The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska, adopting the report and recommendation of the Honorable David L. Piester, United States Magistrate Judge for the District of Nebraska
 
 
 [2]
 Meints does not challenge on appeal the District Court's award of costs and fees