**John L. HANCOCK, Appellant,**

v.

**UNKNOWN UNITED STATES MARSHAL, Unknown Chief Deputy Marshal, Deputy Marshal Bill Walker, and Two Unknown Deputy Marshals, Appellees.**

**No. 78–1438.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 2, 1978.

Decided Nov. 9, 1978.

Rehearing and Rehearing En Banc Denied Dec. 6, 1978.

John L. Hancock, pro se.

Robert D. Kingsland, U. S. Atty., and Anne C. Travis, Asst. U. S. Atty., St. Louis, Mo., filed brief for appellees.

Before LAY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

This appeal is from an order of the United States District Court for the Eastern District of Missouri, issued June 5, 1978, dismissing plaintiff's suit. We take as true plaintiff's pro se allegations since the complaint was dismissed by the district court for failure to state a claim upon which relief could be granted. *Estelle v. Gamble,* 429 U.S. 97, 99, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

The pertinent allegations in the complaint are:

1) Around April 30, 1976, plaintiff was transported from Oklahoma City to St. Louis for trial. At the St. Louis airport, two unknown deputy marshals for the United States District Court for the Eastern District of Missouri, the defendants in this suit, were given "medication and instructions for plaintiff from a doctor concerning plaintiff's medical condition."

2) Following arraignment in St. Louis on May 3, 1976, plaintiff was returned to the St. Clair County Jail in Belleville, Illinois, where he was being held pending trial, and one of the medical staff at the jail told the marshals that plaintiff's medical condition was acute and plaintiff was to be isolated from other prisoners because of his bad cough.

3) The district court was informed of plaintiff's deteriorating condition on May 21, 1976. An examination was ordered by the court, and following examination by a St. Louis physician, plaintiff was returned to solitary confinement at the St. Clair County Jail.

4) Based on the report from the physical examination of May 21, 1976, the district court on May 24, 1976, ordered plaintiff taken to the federal medical center in Springfield, Missouri.

Plaintiff claims:

Defendant(s) [the two unknown United States Deputy Marshals] failure to provide medical treatment needed by the plaintiff, John L. Hancock, and there [sic] complate [sic] indifference to plaintiffs medical condition, and there [sic] complate [sic] indifference to the placement of plaintiff in solitary confinement to isolate him from the other prisoners because of his medical condition constituted *cruel and unusual punishment,* in violation of plaintiffs 5th and 8th Amend., and punishment without *due process of law,* in violation of plaintiffs 5th and 8th Amend., TO THE Constitution of the United States of America.

*Solitary Confinement*

■ Segregating a prisoner from other prisoners, placing him in isolation or soli-

tary confinement is not necessarily unconstitutional. *Finney v. Hutto*, 410 F.Supp. 251, 275 (E.D.Ark.1976), *aff'd*, 548 F.2d 740 (8th Cir. 1977), *aff'd*, 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978). Plaintiff's complaint admits first, that it was the medical staff at the jail who decided that plaintiff was to be isolated from the other prisoners, and second, that the isolation was based solely on plaintiff's medical condition.

*Medical Needs*

Plaintiff alleges his medical needs were ignored, but gives no particulars other than that he was isolated from the other prisoners. He admits that the marshals were given medication and directions for his medical care at the St. Louis airport, but he fails to allege either that they did not give him that medication or that they did not follow the prescribed medical directions. Plaintiff was examined in jail, and the medical staff ordered him isolated from the other prisoners. He was then examined in St. Louis by another physician, and based on that examination he was transferred to the medical center in Springfield by the district court, all within the month of May 1976. Although plaintiff seeks $100,000 compensatory damages and $100,000 punitive damages he does not describe either what defendants should have done or how he was damaged by their acts or omissions.

*Conclusion*

■ "[T]o state a cognizable claim [of cruel and unusual punishment based upon failure to treat a medical condition] a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble, supra,* 429 U.S. at 106, 97 S.Ct. at 292. This plaintiff failed to do and the district court dismissed the suit.

The judgment of the district court is affirmed.