**Marcus DAVIS, Plaintiff–Appellant,**

v.

**Calzona HALL, Director of Justice Services; St. Louis County Jail; Mohammad Alam, M.D.; Spectrum Emergency Care, Defendants–Appellees.**

No. 92–3352.

United States Court of Appeals, Eighth Circuit.

Submitted April 13, 1993.

Decided April 22, 1993.

Rehearing and Rehearing En Banc Denied May 28, 1993.

Henry W. Cummings, St. Charles, MO, for plaintiff-appellant.

Robert E. Fox, Clayton, MO, and Robert E. Staed, Jr., St. Louis, MO, for defendants-appellees.

Before FAGG, Circuit Judge, PECK,[*] Senior Circuit Judge, and MAGILL, Circuit Judge.

PER CURIAM.

Marcus Davis appeals from the district court's [1] dismissal of his § 1983 action on the grounds of failure to state a claim upon which relief can be granted. For the reasons stated below, we affirm.

## I. FACTS

On May 23, 1991, Appellant Marcus Davis, a pretrial detainee, was transferred from the Manard Correctional Institution at Chester, Illinois to the St. Louis County Jail in Clayton, Missouri. Davis had a broken ankle which he had sustained at the Manard facility. Upon arrival at the St. Louis County Jail, he was placed in the general jail population. Because of the broken ankle, Davis requested a transfer to the infirmary. His request was denied by Appellee Dr. Alam, who Davis alleges is an employee of Spectrum Emergency Care, and Justice Services which is under the control of Appellee Hall. Additionally, Davis alleges that Alam and Hall took his crutches away from him so that he had to be carried to the toilet by jail personnel. Shortly thereafter, he was transferred to the jail at Chesterfield, Missouri. He was placed in solitary confinement due to his medical condition. On May 27, 1991, while showering without assistance from jail personnel, Davis fell. He was taken to the hospital and diagnosed with muscle spasms.

Davis brought a § 1983 action alleging that Appellees had shown deliberate indifference to his medical needs by refusing him admission to the infirmary in the St. Louis County jail and by transferring him to the Chesterfield facility which was not equipped to handle handicapped persons. He also alleged that his rights were violated because he was placed in solitary confinement due to his medical condition. Davis also alleged that Appellees' negligence caused his injury.

Appellees filed motions to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). The district court found that Davis had failed to plead sufficient facts indicating Appellees' deliberate indifference to his serious medical needs. This appeal followed.

## II. ANALYSIS

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). Furthermore, the court must view the facts in the light most favorable to the plaintiff and assume that the allegations contained in the complaint are true. *Haggy v. Solem,* 547 F.2d 1363, 1364 (8th Cir.1977). Civil rights pleadings are construed liberally. However, they must not be conclusory and must set forth facts which state a claim as a matter of law. *Nickens v. White,* 536 F.2d 802, 803 (8th Cir.1976).

It is well established law that a convicted prisoner must show that prison officials were deliberately indifferent to his medical needs to prove a violation of the eighth amendment. *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). In this case, however, Davis was a pretrial detainee, and to punish such a detainee prior to an adjudication of guilt would constitute a violation of due process of law. *Bell v. Wolfish,* 441 U.S. 520, 535, 99 S.Ct. 1861, 1871, 60 L.Ed.2d 447 (1979). Thus, Davis' claims are properly analyzed under the due process clause of the fourteenth amendment rather than the eighth amendment. *Johnson–El v. Schoemehl,* 878 F.2d 1043, 1048 (8th Cir. 1989). Although this court has suggested that a more stringent standard than deliberate indifference would be appropriate in assessing pretrial detainees' claims of inadequate medical care, no standard has been clearly established. *Id.* at 1055 n. 8; *Boswell*

---

[*] The HONORABLE JOHN W. PECK, Senior United States Circuit Judge for the Sixth Circuit Court of Appeals, sitting by designation.

1. The Honorable Clyde S. Cahill, United States District Judge for the Eastern District of Missouri.

*v. Sherburne County,* 849 F.2d 1117, 1121 (8th Cir.1988), *cert. denied,* 488 U.S. 1010, 109 S.Ct. 796, 102 L.Ed.2d 787 (1989) (noting a split in the circuits on this issue, but declining to announce a different standard for pretrial detainees in the Eighth Circuit). In *Johnson–El,* this court used the deliberate indifference standard in its analysis of pretrial detainees' claims of inadequate medical care. Most other courts that have addressed the issue have held that the deliberate indifference standard applied to pretrial detainees. *E.g., Danese v. Asman,* 875 F.2d 1239, 1243 (6th Cir.1989), *cert. denied,* 494 U.S. 1027, 110 S.Ct. 1473, 108 L.Ed.2d 610 (1990); *Jones v. Johnson,* 781 F.2d 769, 771 (9th Cir.1986); *Garcia v. Salt Lake County,* 768 F.2d 303, 307 (10th Cir.1985); *Whisenant v. Yuam,* 739 F.2d 160, 163 n. 4 (4th Cir.1984). *Contra, Cupit v. Jones,* 835 F.2d 82, 85 (5th Cir.1987) (pretrial detainees entitled to "reasonable medical care" unless the failure to supply it is reasonably related to a legitimate governmental objective). In the absence of a clearly established standard for pretrial detainees' claims of inadequate medical care in the Eighth Circuit, we apply the deliberate indifference standard in the analysis of this case. However, we note that even under the more stringent standards suggested by *Cupit,* Davis' claims would fail.

■ Davis first argues that his constitutional rights were violated when Appellees denied him access to his crutches and the infirmary at the St. Louis County Jail. We agree with the district court that Davis has failed to allege facts sufficient to show Appellees' deliberate indifference to his medical needs. He has not alleged that his injury went untreated or that the treatment he received was inadequate. Davis has merely expressed his displeasure with the judgment of the medical and prison personnel involved. Disagreement with a medical judgment is not sufficient to state a claim for deliberate indifference to medical needs. *Smith v. Marcantonio,* 910 F.2d 500, 502 (8th Cir.1990). Thus, we conclude that the district court correctly dismissed Davis' action for failure to state a claim.

■ Davis next argues that his placement in solitary confinement at the Chester-field facility constituted unconstitutional punishment for a pretrial detainee. In *Wolfish,* 441 U.S. at 538, 99 S.Ct. at 1873, the Supreme Court stated that in evaluating the constitutionality of prison conditions implicating pretrial detainees' liberty interests, the court must decide whether a particular condition is imposed for the purpose of punishment or whether it is but an incident of some other legitimate government purpose. Conditions or restrictions of pretrial detention that are reasonably related to a legitimate governmental objective do not, without more, amount to punishment. *Id.* at 539, 99 S.Ct. at 1874. In *Hancock v. Unknown United States Marshal,* 587 F.2d 377, 378–79 (8th Cir.1978), this court held that solitary confinement is not necessarily unconstitutional especially when based solely on the prisoner's medical condition. Davis has provided no facts in his complaint to show that prison officials had the intent to punish him. His conclusory statement that placement in solitary confinement due to his medical condition constituted punishment is insufficient to state a claim.

■ Finally, Davis complains that Appellees were negligent and that their negligence was the proximate cause of his injuries. Mere negligence is not sufficient to support a cause of action under § 1983. *Daniels v. Williams,* 474 U.S. 327, 328, 106 S.Ct. 662, 663, 88 L.Ed.2d 662 (1986). Since Davis has failed to state a federal cause of action and there is no diversity of citizenship in this case, there is no basis for jurisdiction over the negligence claims. Accordingly, we affirm the district court's dismissal of this action.