9 F.3d 114
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Blanche Elizabeth DYER, Appellant,
Cephus Donald Dyer, Plaintiff,
v.
Michael FARLEY, Physician's Asst., Appellee.
 No. 93-2269.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: September 28, 1993.
Filed: November 2, 1993.
 
 Before McMILLIAN, HANSEN and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Blanche Elizabeth Dyer appeals from the entry of summary judgment in the District Court[1] for the Southern District of Iowa in favor of defendant Michael Farley in her 42 U.S.C. Sec. 1983 action. For reversal appellant argues that the district court erred in granting summary judgment because a genuine issue of material fact existed as to the propriety of medical care she was given as a pretrial detainee. For the reasons discussed below, we affirm the judgment of the district court.
 
 
 2
 Dyer filed a pro se Sec. 1983 complaint against Farley claiming that he subjected her to cruel and unusual punishment in violation of the Eighth Amendment because he denied her adequate medical treatment at the jail for a thyroid condition.
 
 
 3
 Farley answered and then moved for summary judgment, arguing that Dyer had failed to show deliberate indifference to a serious medical need. Dyer had a choking episode and complained of a large lump in her throat. Farley's evidence showed that he promptly examined Dyer, identified a thyroid condition, took blood and urine samples, and scheduled her for further tests. When Farley learned Dyer was to be transferred into federal custody, he contacted the United States Marshal's Service to arrange transportation. Farley discussed Dyer's condition with his supervisory physician, Dr. Abrams, who notified federal authorities of Dyer's need for further care.
 
 
 4
 Dyer attested that she had previously complained to Farley of severe headaches, of being cold, and of rapid heartbeats, but Farley dismissed these complaints as being stress-related. She also attested she received prescribed medication upon arrival in federal custody. Dyer claimed that the United States Marshal's Service was never notified to provide transportation arrangements.
 
 
 5
 The district court granted Farley's motion for summary judgment, concluding that Dyer received prompt medical attention and that she provided no evidence to generate a fact issue as to the propriety of medical care which she was given. The district court determined that no reasonable jury could find that the care Farley rendered was more then negligent, if that.
 
 
 6
 Because the district court granted Farley's motion for summary judgment, we review de novo. United States ex rel. Glass v. Medtronic, Inc., 957 F.2d 605, 607 (8th Cir. 1992). After considering the record as a whole and drawing all reasonable inferences in favor of Dyer as the non-moving party, we agree with the district court that Dyer produced no support for her allegations that Farley treated her with deliberate indifference to her serious medical needs in violation of her constitutional rights. Dyer failed to produce sufficient evidence to create a genuine issue that Farley deliberately withheld treatment. Although Dyer alleges that her complaints of headaches, of being cold and of rapid heartbeats should have alerted Farley to her thyroid condition, she has failed to produce any evidence to show that these symptoms are related to her thyroid condition.
 
 
 7
 Further, Dyer claimed in her opposition to summary judgment that Farley did not contact the United States Marshal's Service to have her transported for tests. Farley attested that he informed the Marshal's Service and the medical records reflect this. As the district court correctly noted, Dyer failed as required by Fed. R. Civ. P. 56(e) to respond by affidavit made on personal knowledge setting forth facts which would be admissible in evidence to show that she is competent to testify as to whether or not the United States Marshal's Service was contacted. Therefore, her allegations are insufficient to generate a fact issue.
 
 
 8
 Contrary to her allegations of deliberate indifference, the evidence suggests that Dyer received prompt medical attention. Her allegations that her treatment was different once she reached federal custody adds nothing to her claim because a mere dis-agreement with a diagnosis or course of medical treatment is insufficient to state a claim under Sec. 1983. Davis v. Hall, 992 F.2d 151, 153 (8th Cir. 1993) (per curiam); Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1980). Because Dyer has provided nothing to demonstrate that Farley was more than negligent, if that, Farley is entitled to summary judgment.
 
 
 9
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa