_____

No. 95-2149
_____

James H. Smalley,                    *
                                     *
          Appellant,                 *
                                     *  Appeal from the United States
     v.                              *  District Court for the
                                     *  Western District of Missouri.
Dr. White; Michael Groose;           *
David Dormire; Jack Kirk,            *        [UNPUBLISHED]
                                     *
          Appellees.                 *

_____

          Submitted:  February 7, 1996

             Filed:  February 9, 1996
_____

Before McMILLIAN, WOLLMAN, and MURPHY, Circuit Judges.
_____

PER CURIAM.

     James E. Smalley, an inmate at the Jefferson City Correctional
Center (JCCC), appeals from the district court's[1] order granting
summary judgment to defendants in this 42 U.S.C. § 1983 action.  We
affirm.

     In his complaint, Smalley claimed that Dr. David White,
Superintendent Michael Groose, Assistant Superintendent David
Dormire, and correctional officer Jack Kirk were deliberately
indifferent to his serious medical needs relating to his cysts,

_____

    [1]The Honorable Scott O. Wright, United States District Judge
for the Western District of Missouri, adopting the report and
recommendations of the Honorable William A. Knox, United States
Magistrate Judge for the Western District of Missouri.

warts, and infected lymph nodes, and violated his due process rights when they transferred him to administrative segregation. Smalley sought injunctive relief, damages, and requested a jury trial.

Defendants moved for summary judgment, arguing that defendant White provided Smalley with adequate and appropriate medical care and that Smalley did not have a serious medical need. Defendants argued Smalley received advance notice of each of his eighteen conduct violations, an opportunity to appear at a hearing, and a written statement by the fact finders that they relied on the personal observation of the reporting officer, the conduct violation, or both, in reaching their decision. After he served ten days in disciplinary segregation, Smalley was transferred to administrative segregation because of a cumulation of conduct violations. Defendants attached Smalley's medical and disciplinary records.

Smalley opposed the summary judgment motion, contending a jury could find deliberate indifference based on Dr. White's contemptuous attitude and the existence of abnormalities which caused him pain and which Dr. White failed to take steps to correct. On his due process claims, Smalley argued reliance solely on the conduct violation report was insufficient to satisfy due process, and he was denied due proces in connection with his transfer to administrative segregation.

The district court, adopting the magistrate judge's report, concluded that White provided Smalley with regular medical treatment and made an informed conclusion about Smalley's medical condition, and that Smalley merely disagreed with the course of his treatment. On the due process claim, the district court concluded that the written statements on the disciplinary action reports were sufficient to comply with due process because, although sparse, they were sufficient to inform Smalley of the evidence relied upon

in reaching the disciplinary decisions.  As for Smalley's challenge to his placement in administrative segregation, the court concluded the evidence was clear that Smalley received all the process he was due.

We review a grant of summary judgment de novo, applying the same standard as the district court.  Earnest v. Courtney, 64 F.3d 365, 366-67 (8th Cir. 1995) (per curiam); Fed. R. Civ. P. 56(c).

Upon our careful review of the record, we conclude the district court's grant of summary judgment was correct.  The record clearly demonstrates Dr. White provided appropriate medical care; Smalley's challenge to this conclusion constitutes a mere disagreement with treatment, and he has not shown defendants were deliberately indifference to his serious medical needs.  See Davis v. Hall, 992 F.2d 151, 153 (8th Cir. 1993) (per curiam); Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990).

We conclude reliance solely on the conduct violation reports in this case was sufficient to comply with due process: the reports informed Smalley of the evidence relied upon, particularly because Smalley did not present contrary factual evidence at the hearing.  See Wolff v. McDonnell, 418 U.S. 539, 564-65 (1974).  Finally, we agree Smalley received all the process he was due relating to his placement in disciplinary and administrative segregation.

Accordingly, we affirm the judgment of the district court.

A true copy.

    Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-