78 F.3d 586
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Terry S. JOHNSON, Plaintiff-Appellant,
v.
Paz SANGO, Doctor, Defendant-Appellee.
 No. 95-2312.
 United States Court of Appeals, Seventh Circuit.
 Submitted Jan. 24, 1996.*
Decided Feb. 13, 1996.
 
 Before FAIRCHILD, COFFEY and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Terry S. Johnson, an Indiana state prisoner, appeals the dismissal of his pro se complaint brought under 42 U.S.C. § 1983, alleging deliberate indifference to his medical needs. Johnson alleged that the defendant, Dr. Paz Sango, violated his Eighth Amendment right to be free from cruel and unusual punishment by failing to prescribe pain relief medication and to issue a medical light work slip for injuries he sustained to his back and left shoulder.[1] We agree with the district court that Johnson failed to state a claim against Dr. Sango, and we affirm.
 
 
 2
 We review de novo the district court's dismissal of Johnson's complaint for failure to state a claim. Williams v. Ramos, --- F.3d ----, (7th Cir. Nov. 13, 1995). We accept all material allegations made in the complaint as true and draw all reasonable inferences from the allegations in Johnson's favor. Id. We will affirm the dismissal if "it appears beyond doubt that [Johnson] can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). We construe Johnson's pro se complaint liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972).
 
 
 3
 Johnson's complaint contains the following allegations. In late November, 1992, Johnson suffered back and left shoulder pains following an altercation at the prison. On December 1, 1992, he saw a prison staff physician, Dr. Bautista, who prescribed pain relief medication, issued a medical light work slip for three weeks, and ordered that an x-ray be taken of Johnson's back and left shoulder. On December 21, 1992, with his light work slip soon to expire, Johnson saw Dr. Sango. Dr. Sango declined to prescribe more medication or to renew Johnson's light work slip until she had seen x-rays of Johnson's back and left shoulder. X-rays of Johnson's back were taken on December 29, 1992. On January 5, 1993, Johnson was reexamined by Dr. Bautista, who renewed the prescription and light work slip.
 
 
 4
 In order to state a claim under § 1983 for denial of medical care, a prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Deliberate indifference exists when an official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 114 S.Ct. 1970, 1979 (1994); Williams v. O'Leary, 55 F.3d 320, 324 (7th Cir.), cert. denied, 116 S.Ct. 527 (1995). Mere negligence on the part of a physician in treating a medical condition does not constitute deliberate indifference. Sellers v. Henman, 41 F.3d 1100, 1102 (7th Cir.1994). Where a suspected injury or suspected illness is not so severe as to require immediate medical attention in the opinion of the treating medical attendant, reasonable delay in treatment does not rise to the level of deliberate indifference. Murphy v. Walker, 51 F.3d 714, 717 (7th Cir.1995).
 
 
 5
 Johnson argues on appeal that his complaint sufficiently alleged that Dr. Sango was deliberately indifferent to his medical needs. We disagree. Johnson did not allege that Dr. Sango refused to prescribe medication or renew his light work slip in knowing disregard of an excessive risk to his health or well-being. Cf. Farmer, 114 S.Ct. at 1979. Although Johnson did allege some delay in the taking of his x-rays, Johnson's alleged back and shoulder pain was not of the severity to require immediate medical attention and thus it was reasonable for Dr. Sango to delay treatment until she had seen the x-rays. Moreover, the fact that Dr. Sango did not follow the practice of Dr. Bautista--who prescribed medication and issued a light work slip without seeing x-rays--is not an appropriate basis for liability under the Eighth Amendment. Mere differences of opinion among medical personnel over questions of treatment do not give rise to an Eighth Amendment claim. Estelle, 429 U.S. at 107 (determination whether to order x-ray is a "classic example of a matter for medical judgment"); White v. Napoleon, 897 F.2d 103, 110 (3rd Cir.1990). Further, to the extent that Johnson's claim is based upon his own disagreement with the prison medical staff about his medical treatment, the claim does not amount to deliberate indifference. See Estelle, 429 U.S. at 107; Davis v. Hall, 992 F.2d 151, 153 (8th Cir.1993) (per curiam). Johnson has failed to allege facts showing that Dr. Sango was negligent, let alone deliberately indifferent to his medical needs.
 
 
 6
 Since Dr. Sango was not deliberately indifferent to Johnson's medical condition, we need not comment on whether his injuries were sufficiently serious to raise Eighth Amendment concerns. Cf. Estelle, 429 U.S. at 103 (unnecessary pain and suffering alone may be sufficiently serious for the purposes of an Eighth Amendment claim, even where it does not amount to "torture" or "lingering death"); Williams, 1995 WL 726545, at * 3. The district court properly dismissed Johnson's complaint for failure to adequately set forth an Eighth Amendment claim of deliberate indifference.
 
 
 7
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 Johnson's complaint named as defendants various other officials from the Indiana Department of Corrections and the Westville Correctional Center in Westville, Indiana. Johnson's claims against these other defendants have all been dismissed