78 F.3d 589
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Roger Allen WOLFE, Appellant,
v.
George HIAKEL, Dr.; Tony Bennett, U.S. Marshal; Ken
Wilkerson, Sheriff Anoka County, MN; Mr. Veve, Shift
Leader, Anoka County Jail; Ms. Anderson, Housing Officer,
Anoka County Jail; Unknown Doctor, Anoka County Jail, Appellees.
 No. 95-2991.
 United States Court of Appeals, Eighth Circuit.
 Submitted March 5, 1996.
Decided March 8, 1996.
 
 Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Allen Wolfe appeals from the district court's[1] order granting summary judgment to some defendants and dismissing claims against another defendant in this 42 U.S.C. § 1983 action asserting defendants were deliberately indifferent to Wolfe's serious medical needs. We affirm.
 
 
 2
 Wolfe alleged that while he was a federal pretrial detainee incarcerated in a Minnesota county jail, he developed kidney stones, and he complained to prison officials and nurses of intense pain, but he received no pain medication. Wolfe alleged he was examined by defendant urologist Dr. George Haikel, who scheduled surgery for the following week but who failed to give him pain medication in the interim. Wolfe alleged shift leader Joel Vevea and housing officer Jane Anderson ignored his requests for pain medication; another doctor (name unknown) examined Wolfe at the jail and also refused to give him pain medication. Wolfe alleged that, after the surgery, Dr. Haikel gave him only two days of pain medication and an antibiotic. Wolfe claimed Dr. Haikel, U.S. Marshall supervisor Tony Bennett, Sheriff Kenneth Wilkinson, Vevea, Anderson, and the unknown doctor were deliberately indifferent to his serious medical needs. Wolfe sought compensatory and punitive damages, and declaratory relief.
 
 
 3
 After answering or filing responsive pleadings, all served defendants moved for summary judgment. Attached to one motion were Wolfe's medical records and nurse's notes, indicating that Wolfe was given three Ibuprofen tablets twice a day until his surgery and Tylenol after his surgery. Wolfe responded to the prison officials' summary judgment motion, acknowledging that he received Ibuprofen for his bursitis in his shoulders. Wolfe also submitted an amended complaint, substituting a Dr. Otto for the unknown defendant, but did not seek leave to file it.
 
 
 4
 The district court, adopting the magistrate judge's recommendations, granted defendants summary judgment, and dismissed without prejudice the claim against the "unknown" doctor.
 
 
 5
 We review a grant of summary judgment de novo, applying the same standard as the district court. Earnest v. Courtney, 64 F.3d 365, 366-67 (8th Cir.1995) (per curiam). Upon careful consideration of the record, we agree that summary judgment was proper. Wolfe's claim that he was denied adequate pain medication does not evidence deliberate indifference, but a disagreement with the course of treatment. See Davis v. Hall, 992 F.2d 151, 153 (8th Cir.1993) (per curiam) (deliberate indifference standard applies to pretrial detainees; displeasure with medical judgement or disagreement with course of medical treatment is not actionable); Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir.1990).
 
 
 6
 Finally, with respect to the dismissal without prejudice of the unknown doctor, we find no abuse of discretion by the district court. The dismissal was without prejudice.
 
 
 7
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Franklin L. Noel, United States Magistrate Judge for the District of Minnesota