_____

No. 95-3271
_____

Kenny Woods,                              *
                                          *
          Appellant,                      *
                                          *
     v.                                   *
                                          *  Appeal from the United States
Jerral Cannon, Patrolman,                 *  District Court for the
originally sued as Jerrell                *  Eastern District of Arkansas
Cannon; Detective Grimes, Pine            *
Bluff Police Department,                  *       [UNPUBLISHED]
Arkansas,                                 *
                                          *
          Appellees.                      *

                         _____

               Submitted:  April 5, 1996

                   Filed:  April 24, 1996
                         _____

Before McMILLIAN, WOLLMAN and MURPHY, Circuit Judges.
                         _____

PER CURIAM.

     Kenny Woods appeals from the final judgment of the District Court[1]
for the Eastern District of Arkansas granting defendants summary judgment
in this 42 U.S.C. § 1983 action.  For the reasons discussed below, we
affirm.

     Woods alleged in his verified complaint that while he was at the
Jefferson Regional Medical Center for treatment, Pine Bluff

_____

     [1]The Honorable Elsijane Trimble Roy, United States District
Judge for the Eastern District of Arkansas, adopting the report and
recommendations of the Honorable H. David Young, United States
Magistrate Judge for the Eastern District of Arkansas.

Police Officer Jerral Cannon shot him in the arm with a gun. Woods alleged that a Detective Grimes ordered officers to take Woods to the county jail and that nurses could only put "a quick bandage" on his arm. Woods contended the pain was unbearable and he was not provided pain medication or further medical treatment for over eleven hours after the incident, when jail officers took him back to the hospital for treatment. Woods contended he suffered numbness and continuing pain in his arm. Relevant to this appeal, Woods sought damages against Cannon and Grimes for their deliberate indifference to his serious medical needs.

Defendants moved for summary judgment, arguing, inter alia, that under Arkansas law, persons in the county jail become the sole responsibility of the county sheriff, and thus city police officer Cannon had no control over actions taken in the county jail. Defendants provided an affidavit attesting that there was no "Detective Grimes" employed by the City of Pine Bluff. The district court granted defendants summary judgment.

We review a grant of summary judgment de novo, applying the same standard as the district court. <u>Earnest v. Courtney</u>, 64 F.3d 365, 366-67 (8th Cir. 1995) (per curiam). We agree that summary judgment was appropriate because Woods did not demonstrate that the named defendants acted with deliberate indifference to his serious medical needs. <u>See</u> <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976); <u>Smith v. Jenkins</u>, 919 F.2d 90, 92 (8th Cir. 1990); <u>see also</u> <u>Davis v. Hall</u>, 992 F.2d 151, 153 (8th Cir. 1993) (per curiam) (deliberate indifference standard applies to pretrial detainees). Woods did not show that the treatment he received for his gunshot wound before being taken to the county jail was unreasonable under the circumstances or that the named parties knowingly prevented him from receiving adequate treatment at that time. <u>See</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248-49 (1986) (summary judgment inquiry is whether fair-minded jury could return a verdict on evidence presented). We also believe the district court correctly

concluded that Woods did not name as defendants the parties who may have been responsible for any delay in additional treatment.

Accordingly, we affirm.  We deny Woods's motion for an evidentiary hearing.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.