85 F.3d 632
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Tyreese TAYLOR, Plaintiff-Appellant,
v.
Gerry DUTTON, et al., Defendants-Appellees.
 No. 95-3964.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 7, 1996.*
Decided May 10, 1996.
 
 Before FLAUM, EASTERBROOK and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Tyreese Taylor, an Indiana state prisoner, filed suit under 42 U.S.C. § 1983, alleging that defendant prison officials denied him necessary surgery for his torn anterior cruciate ligament in violation of the Eighth Amendment. The district court granted summary judgment in favor of defendants. On appeal, Taylor contends that a jury could have inferred that the defendants were deliberately indifferent to his serious medical needs by their delay in giving him "meaningful treatment" for his injury. We affirm.
 
 BACKGROUND
 
 2
 In September 1993, while confined at the Indiana State Reformatory, Taylor fell down some stairs and injured his right knee. Shortly after the fall, Taylor was transferred to the Wabash Valley Correctional Institute in Carlisle, Indiana. His knee became swollen and painful, and he was seen by medical personnel. He was treated with injections, wraps, and ice. In April 1994, Taylor was given an MRI, which revealed a tear of the anterior cruciate ligament of the right knee.
 
 
 3
 Three specialists examined Taylor's knee in May 1994, June 1995, and July 1995. The specialists all disagreed as to appropriate treatment: one doctor recommended surgery, one doubted that surgery would be helpful at this time, and the third made no recommendation. Although Taylor has been seen regularly by medical staff at Wabash Valley for his knee problem, no decision to operate on the knee has been made.
 
 
 4
 Taylor filed this civil rights action pro se in November 1994. He sued Christian DeBruyn, the Commissioner of the Indiana Department of Corrections, and four Wabash Valley employees--Craig Hanks, the Superintendent;[1] Gerry Dutton, a health care administrator; Dr. Alex Ton, a prison doctor; and Gerald Manuel, a correctional officer.[2] Taylor alleged that these officials violated his Eighth Amendment rights by their deliberate indifference to his knee injury.
 
 
 5
 The district court found that "none of the defendants has been shown [to be] the least bit indifferent to [Taylor's] pain or medical needs," and granted summary judgment in their favor.
 
 DISCUSSION
 
 6
 We review the grant of summary judgment de novo. Oliver v. Deen, 77 F.3d 156, 158 (7th Cir.1996). Summary judgment is proper when the pleadings, affidavits, and other submissions before the district court show that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). We review the record and all reasonable inferences drawn from it in the light most favorable to the nonmoving party. Williams v. Ramos, 71 F.3d 1246, 1248 (7th Cir.1995). Where the nonmoving party bears the burden of proof on an issue, however, it may not merely rest on its pleadings, but must affirmatively show the existence of a genuine issue for trial. Id.
 
 
 7
 The Eighth Amendment prohibits the infliction of cruel and unusual punishment upon those convicted of crimes. When a prisoner claims that he has received inadequate medical care, the Eighth Amendment is implicated only if those attending to his condition acted with "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Deliberate indifference exists when an official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 114 S.Ct. 1970, 1979 (1994); Williams v. O'Leary, 55 F.3d 320, 324 (7th Cir.), cert. denied, 116 S.Ct. 527 (1995). This is a subjective test; "[a]t the very least, the official must act or fail to act 'despite his knowledge of a substantial risk of serious harm.' " Steele v. Choi, No. 95-2249, slip op. at 4 (7th Cir. Apr. 29, 1996) (quoting Farmer, 114 S.Ct. at 1981). Moreover, mere negligence on the part of a physician in treating a medical condition does not constitute deliberate indifference. Sellers v. Henman, 41 F.3d 1100, 1102 (7th Cir.1994).
 
 
 8
 On appeal, Taylor argues that defendants have been deliberately indifferent to his condition by failing to perform or even schedule surgery to repair his knee. He further argues that defendants have "toy[ed]" with him by giving him wraps, ice, and an occasional shot for pain, when what he really needs is surgery. (Taylor's Br. at 11.)
 
 
 9
 The record here provides no evidence that defendants' alleged failure to treat Taylor's knee injury rose to a level of deliberate indifference. The undisputed facts show that after Taylor was transferred into Wabash Valley, medical personnel there responded to Taylor's complaints of pain in his right knee. Between September 1993 and April 1994, doctors examined and treated Taylor on numerous occasions. Taylor was given wraps, ice, injections, and medical "lay-ins" as treatment. At Dr. Ton's request, an MRI was performed on Taylor's knee on April 20, 1994. When the MRI revealed a tear of the anterior cruciate ligament, Dr. Ton referred Taylor to Dr. Vicente Sison for evaluation. In early May 1994, Dr. Sison examined Taylor and recommended arthroscopic surgery. More than one year later, Taylor was referred to a specialist at the Wishard Memorial Hospital ("WMH") Orthopedic Clinic in Indianapolis for a consultation on his knee.[3] The attending physician acknowledged that Taylor "may need ACL repair" but made no recommendations. On Taylor's follow-up visit less than one month later, a different specialist recorded in his notes: "Doubt surgery would benefit at this time."
 
 
 10
 Taylor has not shown that any of the defendants knew of an excessive risk to his health, and then failed to act despite this knowledge. Although Dr. Sison recommended surgery in 1994, two other doctors who subsequently examined Taylor did not share that recommendation. Mere differences of opinion among medical personnel over questions of treatment do not give rise to an Eighth Amendment claim. Estelle v. Gamble, 429 U.S. 97, 107 (1976); White v. Napoleon, 897 F.2d 103, 110 (3rd Cir.1990). Further, to the extent that Taylor's claim is based upon his own disagreement with the prison medical staff about his medical treatment, the claim does not amount to deliberate indifference. See Estelle, 429 U.S. at 107; Davis v. Hall, 992 F.2d 151, 153 (8th Cir.1993) (per curiam).
 
 
 11
 We agree with the district court that there is no evidence in the record that shows that defendants were deliberately indifferent to Taylor's medical needs. The judgment of the district court is
 
 
 12
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and of the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 By district court order of November 28, 1994, DeBruyn and Hanks were dismissed from this action
 
 
 [2]
 Taylor's amended complaint added Nurse Mary Susan Walker as a defendant to his suit
 
 
 [3]
 Although Taylor was seen by medical staff at Wabash Valley on many occasions between the time of his visit with Dr. Sison and his referral to WMH, the medical progress notes that appear in the record do not reflect complaints about pain in the right knee