# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2479

_____

Richard David Blakeley,                       *
                                              *
          Appellant,                          *
                                              *
     v.                                       *
                                              *
Mikael Bates, Police Officer, Fort            *   Appeal from the United States
Smith Police Department; Brandon              *   District Court for the
McCaslin; Julie Barcheers; and Kevin          *   Western District of Arkansas.
Pschier, Deputies, Sebastian County           *
Detention Center; Gary Grimes, Sheriff,       *
Sebastian County, Arkansas; Mark              *        [UNPUBLISHED]
Green, Police Officer, Fort Smith             *
Police Department,                            *
                                              *
          Appellees.                          *

_____

Submitted:  July 6, 2000
      Filed:  August 3, 2000

_____

Before LOKEN, FAGG, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Richard David Blakeley, a former pretrial detainee, appeals from the district court's[1] dismissal with prejudice of his 42 U.S.C. § 1983 action. We affirm.

Blakeley filed a pro se complaint alleging that defendants--police officers, deputies, and a sheriff--denied him medical treatment for congestive heart failure during and following his arrest. He did not request a jury trial. Consistent with Rule F-1 (VIII)(B)(5) of the Rules of the United States District Court for the Eastern and Western Districts of Arkansas, the magistrate judge held a trial-type evidentiary hearing, a procedure to which Blakeley did not object. During that hearing, sharply conflicting testimony was presented by Blakeley, defendants, and others. In a detailed report describing the testimony, making credibility findings, and recommending entry of judgment for defendants, the magistrate judge found, among other things, (1) there was no evidence the sheriff had any personal involvement in or knowledge of Blakeley's situation, or failed to train or supervise his personnel; (2) the police officers did not act with deliberate indifference in transporting Blakeley to jail instead of to a hospital, because Blakeley did not request medical attention until he was told bond would not be set, at that point he would not explain what was wrong with him and manifested no symptoms of distress, the arresting officer allowed Blakeley to bring his medications and told the transporting officer to inform the jail staff of Blakeley's heart trouble and nitroglycerin pills, and any failure by the transporting officer to relay this information was at most negligent; and (3) the jail deputies were not liable, because one of them did not recall seeing Blakeley and the other two did not recall him asking for medical attention and had every reason to believe he could obtain necessary medications and medical attention by following established procedures (submitting a medical request form, and allowing the jail nurse to evaluate and dispense his

---

[1]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas, adopting the report and recommendations of the Honorable Beverly Stites Jones, United States Magistrate Judge for the Western District of Arkansas.

medication). The district court adopted the magistrate judge's report and dismissed Blakeley's complaint.

Having reviewed the district court's conclusions of law de novo and its findings of fact for clear error, see Choate v. Lockhart, 7 F.3d 1370, 1373 & n.1 (8th Cir. 1993) (standard of review), we conclude that the district court's findings were not clearly erroneous and that its legal conclusions were correct. Based on the defense testimony that the district court credited, see Anderson v. City of Bessemer, 470 U.S. 564, 573-76 (1985) (when trial judge's finding is based on decision to credit witness testimony, which was not contradicted by extrinsic evidence, that finding can virtually never be clear error), we agree with the district court that none of the named defendants violated Blakeley's constitutional rights by intentionally denying or interfering with his access to medication or medical treatment. See Tilson v. Forrest City Police Dep't 28 F.3d 802, 806-07 (8th Cir. 1994) (limited supervisory liability), cert. denied, 514 U.S. 1004 (1995); Ervin v. Busby, 992 F.2d 147, 150-51 (8th Cir.) (negligence insufficient to support § 1983 claim), cert. denied, 510 U.S. 879 (1993); Davis v. Hall, 992 F.2d 151, 153 (8th Cir. 1993) (deliberate indifference standard).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-